(No. 15889.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LILLIAN BARNES, Plaintiff in Error.

*Opinion filed April 14, 1924.*

1. CRIMINAL LAW—*when party cannot be regarded as accessory in stealing automobile.* Evidence that the defendant, with her five-year-old child, accepted a ride with a party in a stolen automobile after the car in which she had been riding with the same party had broken down, although she had reasonable ground to suspect that the second car had been stolen, does not, of itself, make her an accessory before the fact so as to charge and punish her as a principal.

2. SAME—*aiding, abetting or assisting perpetration of a crime must be affirmative to make one liable as principal.* The mere presence of a person is not sufficient to render him liable as a principal in the commission of a crime unless there is something affirmative in his conduct showing a design to encourage, incite or in some manner aid, abet or assist the actual perpetrator of the crime, and it is not sufficient that there is a mere negative acquiescence not made known to the principal malefactor.

3. SAME—*actual personal possession of stolen property must be shown to raise a presumption of guilt.* Mere association with a stolen article is not necessarily possession of it, and in order that an inference of guilt may be drawn from possession of goods recently stolen it must be shown that there is an actual personal possession on the part of the accused, either singly or jointly with others acting in concert with him, and that such possession is exclusive in him or those acting in concert with him.

4. SAME—*what evidence of other offenses is not admissible to prove defendant guilty of stealing automobile.* Where a defendant is charged with stealing an automobile because she was riding in the car when arrested with the driver, evidence that she had ridden in other stolen cars with the same party, that they had lived and traveled together as man and wife and that they had passed several worthless checks, is not admissible to prove her guilty of the theft of the car in question.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding.

GRAHAM & DYSERT, (WALTER V. DYSERT, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, JOHN H. LEWMAN, State's Attorney, and JAMES B. SEARCY, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Lillian Barnes, plaintiff in error, and Lee Bowers, were found guilty of the larceny of an automobile, the property of Frank White, and she prosecutes this writ of error to review the judgment of the circuit court of Vermilion county sentencing her to the penitentiary.

Bowers did not testify, but in statements made to the arresting officers, and in an affidavit in support of the motion for a new trial filed by plaintiff in error, he admitted stealing the automobile and assumed full responsibility for the theft. The evidence in the record consists of the testimony of the owner of the automobile, the officers who arrested plaintiff in error and who were in charge of her from the time of her arrest until the trial, and plaintiff in error. White's automobile was parked by him on Vermilion street, in Danville, about eight o'clock P. M., July 25, 1923. When he returned for it at ten o'clock P. M. it was gone. The police were notified, and about four hours later the police officers of Paris, which is forty miles south of Danville, arrested Bowers while he was driving White's automobile. Plaintiff in error, with her five-year-old child, was riding with him. She testified that she met Bowers about two months before the night in question while both of them were working in a restaurant; that on the night in question they were driving to St. Louis, and that the automobile in which they were driving broke down about two miles south of Danville; that Bowers examined the car and found that he could not repair it; that he told her to stay in the car with her child and the baggage while he went for repairs; that in about an hour he returned, driving the automobile in question; that she asked him where he got it, and

he told her it was none of her business; that he directed her to get into the car he was driving, and that he transferred the baggage; that he then drove the car to Paris, where they were arrested; that she did not know where he got the automobile and did not encourage, aid, abet or assist him to steal it.

The court instructed the jury that "the exclusive possession of stolen property recently after a larceny has been committed is *prima facie* evidence that the party in whose possession the same is found committed the larceny, and that such possession, if unexplained, would warrant a conviction." This instruction was followed by three instructions concerning the responsibility of an accessory. The first defined an accessory substantially in the language of section 2 of division 2 of the Criminal Code. The second stated: "The court instructs the jury as a matter of law, that the advising or encouraging that may make one an accessory to a crime need not be by words. It may be by words or acts, signs or motions done or made for the purpose of encouraging the commission of the crime charged." The third instruction of the series made a concrete application to this case of the abstract rules stated in the first and second and directed a verdict of guilty.

Plaintiff in error requested the court to give the following instruction:

"You are instructed that the fact that Lillian Barnes and her child were in the stolen automobile in question with Lee Bowers, at the time they were arrested, of itself is not sufficient to warrant you in finding that she was in the exclusive possession of the stolen property recently after the theft, so as to justify you in assuming that she stole it. If you believe that the defendant, Lee Bowers, and not Lillian Barnes, stole the automobile, and that she was merely riding in said car, and was not driving it, and did not have possession or control of it, then, the mere fact alone that she was riding in said car at the time in question would

not be sufficient to warrant you in assuming that she stole it; and in that state of the proof, if such state of the proof exists herein, you should find her not guilty."

The court refused to give this instruction and another instruction substantially like it, which stated the theory of her defense.

As far as this record shows, no person saw White's automobile driven from the place where he parked it. All the testimony in the record is to the effect that Bowers stole the car and that it was in his exclusive possession from the time it was stolen until he was arrested. The evidence also shows that the car was never in the exclusive possession of plaintiff in error and that she never had control of it. According to her story,—and it stands in the record uncontradicted,—she was a passenger. The fact that she had reasonable ground to suspect that Bowers had stolen the automobile, and that she entered the car and ròde with him under the circumstances shown by her testimony, does not make her an accessory before the fact so that she can be charged and punished as a principal. Before she can be convicted as a principal it must be shown that she by some affirmative act actually advised, encouraged, aided or abetted the perpetration of the crime. (*Watts* v. *People,* 204 Ill. 233; *Crosby* v. *People,* 189 id. 298; *Jones* v. *People,* 166 id. 264; *White* v. *People,* 81 id. 333.) Aiding, abetting or assisting are affirmative in their character. It is not sufficient that there is a mere negative acquiescence not in any way made known to the principal malefactor. The mere presence of a person is not sufficient to constitute him a principal unless there is something in his conduct showing a design to encourage, incite or in some manner aid, abet or assist the actual perpetrator of the crime. (*People* v. *Cione,* 293 Ill. 321.) Mere association with a stolen article is not necessarily possession of it, and before any presumption can arise from possession it must be shown that the person accused is actually in possession. In order

that an inference of guilt may be drawn from possession of goods recently stolen it must be shown that there is an actual personal possession on the part of the accused, either singly or jointly, with others acting in concert with him, and that that possession is exclusive in him or those acting in concert with him. (*People* v. *Clark,* 301 Ill. 428; *People* v. *Bullion,* 299 id. 208; *People* v. *Kubulis,* 298 id. 523; *People* v. *Lardner,* 296 id. 190; *People* v. *Temple,* 295 id. 463.) In so far as the instruction regarding presumption of guilt from possession of stolen property has reference to plaintiff in error, it assumes that she had possession of the stolen automobile. While this instruction and the three concerning accessories are substantially correct statements of the law, they were, under the facts in this case, subject to misconstruction by the jury, and were liable to give the jury the impression that the mere fact that plaintiff in error and her child were riding in the stolen automobile justified her conviction. It was clearly error not to give the refused instruction quoted in the preceding paragraph, or some instruction stating the law on the theory of the case for which plaintiff in error contended. *Trask* v. *People,* 104 Ill. 569.

The court received in evidence testimony which tended to show that Bowers had stolen other automobiles and that plaintiff in error had ridden with him in them during the two months since they became acquainted. There was evidence showing that they had lived and traveled together as man and wife and that they had passed several worthless checks. All this testimony was irrelevant and did not in any way tend to prove the crime with which they were charged. *People* v. *Meisner, ante,* p. 40; *People* v. *Spaulding,* 309 Ill. 292.

The judgment of conviction of plaintiff in error is reversed and the cause is remanded.

*Reversed and remanded.*