## COCHRAN *v.* STATE.

(In Banc. June 9, 1941.)

[2 So. (2d) 822. No. 34391.]

**W. A. Townsend** and **G. S. Landrum**, both of Kosciusko, for appellant.

**Geo. H. Ethridge,** Assistant Attorney-General, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The Sheriff of Attala County had a search warrant directing him to search the place and the premises operated as a dance hall by Charley and Leslie Faulker in that county. In the execution of the warrant, the sheriff found a quantity of beer in an ice box in the place and also three slot machines. The sheriff saw the appellant on the outside of the building conversing with some parties in an automobile. The officer testified that he had frequently seen appellant at this place during the past thirty or sixty days, and that on some of those occasions the action of appellant gave the appearance that he was delivering whiskey to the occupants of automobiles, although the sheriff did not say that he had actually seen appellant make any such deliveries.

When the sheriff found the beer and slot machines, he went outside and arrested appellant, and says in his testimony that he made the arrest "for the beer and slot machines." But before actually making the arrest he asked appellant: "Do you work here?" To which appellant replied: "I work here" or "I stay here," the sheriff not being able to say which one of these expressions was used. Whereupon the sheriff said: "I am arresting you for the possession of beer and slot machines."

The arrest being accomplished, search was thereupon made by the sheriff of the person of appellant, and concealed under appellant's shirt, two bottles of whiskey were found, for the possession of which appellant was afterward prosecuted and convicted.

The sheriff had no warrant for the arrest of appellant, and it is admitted that the officer had no probable cause at the time which would authorize the arrest for the the possession of the whiskey. The question is, therefore, whether the arrest was authorized for the possession of the beer or slot machines, as being an offense committed by appellant in the presence of the arresting officer.

If appellant was employed at this place, the nature of his employment is undisclosed, and there is not a word that he had any control over, or any part in, the beer or slot machines; but it is not necessary that we enter upon a consideration as to when and under what circumstances an employee, at or around a place where contraband is kept or possessed, would be guilty as a participant.

The reason for the foregoing statement is that the proof shows no more in its final analysis than that appellant was staying at or around the place in question; and the rule is that ''some degree of participation in the criminal act must be shown in order to establish any criminal liability. Proof that one has stood by at the commission of a crime without taking any steps to prevent it does not alone indicate such participation or combination in the wrong done as to show criminal liability, although he approves of the act.'' Harper v. State, 83 Miss. 402, 415, 35 So. 572, 573.

The arrest was not within the authority of the law, from which it follows that the evidence of the finding of the whiskey concealed on appellant's person was not admissible. The attorney-general has submitted, however, that the proof that the whiskey was found concealed as aforementioned was made also by a bystander who witnessed the arrest, and that the testimony of this bystander would be competent, although the same proof by the sheriff himself would not be. This contention was made in Lancaster v. State, 188 Miss. 374, 381, 195 So. 320, and the ruling was that bystanders will not be allowed to give in evidence what was revealed by the illegal action of the sheriff.

It is regrettable that a party so obviously guilty as was this appellant, as subsequent events disclosed, should be discharged; but our duty is to maintain that convictions shall be within, and not without, the law.

Reversed and appellant discharged.