# EPPS v. UNITED STATES.
## No. 9210.

United States Court of Appeals
District of Columbia.

Argued May 20, 1946.

Decided July 22, 1946.

Mr. DeLong Harris, of Washington, D. C., with whom Mr. Harvey L. Hughes, of Natchitoches, La., was on the brief, for appellant.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, and Mrs. Grace B. Stiles, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTYMAN, Associate Justices.

GRONER, C. J.

Appellant was indicted for having unlawfully and feloniously taken, used, operated and removed, a certain automobile truck from a certain street in the District of Columbia, without the consent of the owner.[1]

In the evening of the day following the theft of the truck appellant was found by a policeman in the driver's seat. The officer found upon examination of the car that the ignition wires had been disconnected and crossed so that a key was not necessary to start the motor. When appellant was asked by the officer why he was in the truck, he replied that he was waiting for the driver, whom he knew. At the trial the police officer testified that his attention was first attracted to the truck because it was parked in violation of regulations; that as he approached the truck he heard the motor whirling as if someone were attempting to start the engine; that appellant told him he had no driver's permit, registration cards for the truck, draft cards or any means of identifying himself; that the

[1] D.C.Code 1940, § 22—2204: "Any person who, without the consent of the owner, shall take, use, operate, or remove, or cause to be taken, used, operated, or removed from a garage, stable, or other building, or from any place or locality on a public or private highway, park, parkway, street, lot, field, inclosure, or space, an automobile or motor vehicle, and operate or drive or cause the same to be operated or driven for his own profit use or purpose shall be punished * * *."

truck was not his, but that he was waiting for the man who drove the truck, who lived in the Southwest section of the City on Third Street.

Appellant in his own behalf testified that he went to a "movie" on the evening in question and left the movie place about 11 o'clock and walked up to N Street and recognized the truck parked there; that he knew the driver of the truck because he had previously worked for the Company that owned the truck, that he believed the driver was somewhere around and so decided to wait in the hope of obtaining a ride home. He had been in the truck about four or five minutes and as he attempted to get out he was accosted by the policeman. On cross-examination he stated he was in a restaurant with the driver of the truck on the previous night; that he left the restaurant after the driver had left; that at times he had seen the truck parked on Third Street, close by the restaurant, but did not see it the night it was stolen; that the following night he was in the movie from 6:30 until 11 o'clock.

On this appeal appellant alleges error in denial of his motion for a directed verdict at the close of the Government's case and at the close of all the evidence, and because of the refusal of the Court to set aside the verdict and grant him a new trial, because the verdict was contrary to the evidence.

■■■ The basis of the motions for directed verdict was in each instance that there was a fatal variance between the indictment and the proof. The argument in this respect is that the Government's testimony showed that the truck at the time it was unlawfully taken was parked on a vacant lot rather than on "a certain street," as alleged in the indictment. An examination of the testimony shows no basis for this claimed variance. The truck driver, it is true, testified that his custom was to park the truck on "a little vacant lot just where I live * * * on Third Street," but that on the particular night in question he had parked it "right on the street by the lot." But even if the evidence had been that the car was parked on the lot on the street rather than on the street proper, we should be slow to say that the variance

was fatal, for in such a case appellant's conviction on the present indictment could certainly have been pleaded in a new prosecution based on a subsequent charge that the truck was taken from the lot rather than from the street. Nor is there any suggestion in the entire proceeding that because of the nature of the charge in the indictment appellant was in any way embarrassed in making his defense. The rule as to variance is inapplicable in such circumstances. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314, and see also cases involving the illegal sale of drugs, where it was held that a conviction is sustainable even where the evidence showed a variance between the charge and proof as to where the illegal purchase occurred, Mehan v. United States, 8 Cir., 112 F.2d 561; where liquor was illegally stored, Philyaw v. United States, 8 Cir., 29 F.2d 225; and also as to the location of an illicit still, Day v. United States, 8 Cir., 28 F.2d 586, certiorari denied 278 U.S. 651, 49 S.Ct. 96, 73 L.Ed. 562. Appellant's other ground of alleged error is that there was not sufficient proof of the offense and also that the Government having introduced through the police officer appellant's statement at the time he was accosted and arrested, is bound by it. Both points are without merit. What the police officer said in this respect was merely in relating the circumstances of the arrest and was no more than the witness said in his defense on the stand. It was incumbent on the Government to give the jury all the circumstances of the arrest, but we know of no law which would make the policeman's recital of the statement made by the accused at that time binding on the Government and not subject to contradiction by other facts or other evidence.

■■■ Nor is the fact that we might have reached a different conclusion as to defendant's guilt or innocence on the facts shown any ground for setting aside the verdict. The jury heard the evidence and had all the facts, including the record of appellant's former convictions in at least two cases of petty larceny, and were entitled to accept his testimony and acquit him, or to reject it and apply the prima facie rule applicable in the unexplained possession of recently stolen property.

Affirmed.