## LANHAM v. UNITED STATES.

### No. 10612.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 6, 1950.

Decided Nov. 2, 1950.

Mr. Leonard B. Sussholz, Washington, D. C. (appointed by the District Court), with whom Mr. Jacob N. Halper, Washington, D. C., was on the brief, for appellant.

Mr. Richard M. Roberts, Assistant United States Attorney, with whom Messrs. George Morris Fay, United States Attorney, and Robert M. Scott and Joseph M. Howard, Assistant United States Attorneys, all of Washington, D. C., were on the brief, for appellee.

Before CLARK, PROCTOR and BAZELON, Circuit Judges.

PROCTOR, Circuit Judge.

Appellant attacks his conviction and sentence for housebreaking and larceny. He claims the trial court erred in refusing to direct a verdict of acquittal or to instruct the jury that silent presence at the scene of the crimes was insufficient evidence upon which to convict.

▉ Although it is argued that appellant's presence in an automobile in front of the looted premises during commission of the crimes was the only evidence against

him, we gather a different impression from the record. We think the evidence tended to show a chain of circumstances from which a reasonable conclusion of guilty participation by appellant, within the purview of 22 D.C.Code (1940) § 105,[1] can be fairly drawn. Obviously too, this was the conclusion of both judge and jury.

 In response to an *oral* [2] request to instruct the jury that mere silent presence was insufficient to convict, the court did add to instructions relating to an accomplice. Reading the charge as a whole, we think it was sufficient.

The judgment of the District Court is Affirmed.

---

1. 22 D.C.Code (1940) § 105.
   "In prosecutions for any criminal offense all persons advising, inciting, or conniving at the offense, or aiding or abetting the principal offender, shall be charged as principals and not as accessories * * *."

2. Although the Government makes no point of the matter and our ruling in this case is not influenced by a failure to submit the requested instruction in writing before the charge, as contemplated by Rule 30, Federal Rules of Criminal Procedure, 18 U.S.C.A. we think it well to reiterate the importance of following the rule, and if the charge is considered insufficient in any respect, to make a specific objection with the ground upon which it is based. See Villaroman v. United States, 1950, 87 U.S.App.D.C. —, 184 F.2d 261.