## WRIGHT v. UNITED STATES.
### No. 10588.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 31, 1951.

Decided May 24, 1951.

Roger Robb, Washington, D. C. (appointed by this Court for appellant).

Richard M. Roberts, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty., and John D. Lane and Joseph M. Howard, Asst. U. S. Attys., all of Washington, D. C., were on the brief, for appellee.

Before CLARK, PRETTYMAN, and WASHINGTON, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from the United States District Court for the District of Columbia. The appellant was convicted on both counts of a two count indictment pursuant to Section 22–1801 and Section 22–2201 D.C. Code (1940). The first count charged housebreaking and the second charged grand larceny.

The appellant alleges that the District Court erred in instructing the jury that the possession of recently stolen property by the appellant raised a presumption of law that the appellant was guilty, shifted the burden of proof to him, and required the jury to convict him unless the appellant offered a satisfactory explanation. Were this the correct interpretation of the instruction, quite obviously, we would not allow this conviction to stand.

The jury was instructed that the appellant was entitled to the presumption of innocence until proved guilty beyond a reasonable doubt. It was only after a careful elaboration of the various points that the lower court instructed: "If it [possession of recently stolen property] is not accounted for in that satisfactory, straightforward and truthful way, that would stamp it as an honest accounting, then it is a foundation for a presumption of guilt against the possessor * * *."

Although the language of the instructions is not the very best, it does

bring this case within the rule of Tractenberg v. U. S., 1923, 53 App.D.C. 396, 293 F. 476. In that case this Court held that while the unexplained exclusive possession of stolen property, shortly after the commission of the larceny, does not raise a presumption of law that the defendant committed the larceny, it may satisfy the jury and warrant a verdict of guilty. The lower courts in this and the Tractenberg case, supra, used the word presumption in their instructions and in both instances negatived the idea that the presumption was one raised by law. In the instant case the instruction was that such possession was only the foundation or basis of a presumption; this, we feel, is the same as saying that from such possession of stolen property the jury might infer guilt as was done in the Tractenberg case, supra.

The trial court could have chosen more exact language in its attempt to express the limited character of the presumption to which it was referring. We note, however, that no objection was made to the charge at the trial. But even in the absence of such an objection in the trial court we feel no error, affecting the substantial rights of the appellant, was committed. Other alleged errors raised by the appellant, as distinguished from his court appointed counsel, do not merit consideration here.

Affirmed.