**GILBERT v. UNITED STATES.**
No. 12120.

United States Court of Appeals
District of Columbia Circuit.
Argued June 14, 1954.
Decided July 22, 1954.

The truck containing a $300 paint spray pump was taken one night from its parking place on Georgia Avenue in the District of Columbia. The next afternoon with the appellant at the wheel, the truck was stopped by police about 175 miles from Washington, and some 65 miles south of Richmond, Virginia. Previously, while in Richmond, the accused had arranged to sell or pledge the paint spray pump in return for gasoline, oil and whiskey, but they were unable when accompanied by police to locate the place where they had disposed of the spray pump. They were on their way to North Carolina where appellant planned to see his wife and to get a job, as he explained to police, and as was testified. Appellant also told police he had been acquainted with Ward for three years, and he knew Ward did not own a truck. The truck and pump were the property of Ward's former employer, who testified he had given no one permission to take and use his property. A police officer testified that he asked Gilbert how he became involved in the affair. Gilbert answered they had been drinking and "they went up and got the truck but he stated he waited a block away and Ward picked him up." However, the only person seen driving the truck at any time, so far as is shown to us, was the appellant Gilbert who was trying to reach North Carolina. When further testimony was about to be received concerning police conversations with both accused, counsel for Gilbert in a bench conference requested "that the jury be instructed that neither of the confessions is binding on the other defendant." The trial judge replied: "That will come when I charge the jury." The charge is not before us nor were there exceptions to it. We assume, therefore, that the request was granted and, further, that the trial judge passed on Gilbert's motion for judgment of acquittal without regard to whatever inculpation of Gilbert might have appeared from Ward's statements. Thus, we consider the case in that same posture, and

Mrs. Jean F. Dwyer, Washington, D. C., for appellant.

Mr. Gerard J. O'Brien, Jr., Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis A. Carroll and Paul F. Leonard, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before PRETTYMAN, BAZELON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant and one Ward were indicted on two counts of violation of the D.C. Code (1951), the first charging theft of a truck and a paint spray pump, § 22-2201, and the second charging the unauthorized use of a motor vehicle within the meaning of § 22-2204. Appellant asserts the trial judge erred in denying his motion for the direction of a judgment of acquittal on the ground that the Government failed to establish by proof beyond a reasonable doubt that appellant had necessary guilty knowledge and intent. Both accused were convicted. Ward did not appeal.

without regard to whatever Ward may have said.

 "Possession of the fruits of crime, recently after its commission, justifies the inference that the possession is guilty possession, and, though only *prima facie* evidence of guilt, may be of controlling weight, unless explained by the circumstances or accounted for in some way consistent with innocence." Wilson v. United States, 1896, 162 U.S. 613, 619, 16 S.Ct. 895, 898, 40 L.Ed. 1090.

This court has had occasion to apply the rule thus announced. Where an automobile stolen one evening was being driven by the accused the following day, conviction was sustained because of the unexplained possession of stolen property shortly after commission of the larceny. The case was one for the jury, we said, in Tractenberg v. United States, 1923, 53 App.D.C. 396, 293 F. 476. Again, on the evening of the day following theft of an automobile truck, an accused was found in the driver's seat by a policeman who came upon the missing truck. After conviction on a charge of taking the truck without the consent of the owner, this court held, Chief Justice Groner writing, that the jury was entitled to accept an explanation offered by the accused and to acquit, or "to reject it and apply the *prima facie rule applicable in the unexplained possession of recently stolen property.*" (Emphasis supplied.) Epps v. United States, 1946, 81 U.S.App.D.C. 244, 157 F.2d 11, 12. See also Wright v. United States, 1951, 89 U.S.App.D.C. 70, 189 F.2d 699.

 The present was not a case involving a passenger car found in the District of Columbia, to which Ward had a key, in which situation some doubt might be claimed. Here the appellant was not only in possession of the vehicle, but he was driving south, 175 miles from the place whence it had been taken. It was not a passenger car—it was a business truck. The eloigned truck and pump were put to uses and employed for purposes utterly at variance with what might reasonably be related to those of their owner. Appellant offered the trial court no explanation whatever either as to his participation in the taking of the truck and his driving it to Emporia, Virginia, or as to his participation in bargaining away the paint spray pump. A reasonable mind might fairly conclude beyond a reasonable doubt from the combination of facts herein recited that appellant was a participant in the unauthorized taking and use of the truck and in the appropriation of the paint spray pump to the use of both accused, quite inconsistent with the property rights of the owner. See also Williams v. United States, 1954, 94 U.S.App.D.C. ——, 215 F.2d 35.

Considering all the facts and circumstances and permitting to the Government the legitimate inferences to be drawn therefrom, we cannot say the trial judge erred in refusing to grant appellant's motion for a judgment of acquittal.

Affirmed.