(No. 34055.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK LOPEZ, Plaintiff in Error.

*Opinion filed January 24, 1957.*

FRANK LOPEZ, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, IRWIN D. BLOCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

After a jury trial in the criminal court of Cook County, the defendant, Frank Lopez, was found guilty of selling and dispensing narcotics (marijuana) to a person under 21 years of age, and the court sentenced him to a term of 25 years to life imprisonment. Appearing *pro se,* he asks a reversal of this conviction.

Several claims of error are made, including general assertions of constitutional violations, but those relied upon in argument are the following: (1) failure of court-appointed counsel to file a written motion for a new trial; (2) incompetency of counsel; (3) variance between the indictment and proof, plus the admission of improper evidence in the course of the proof; (4) prejudicial argument of the State's counsel; and (5) giving of an erroneous instruction.

First, we find no prejudicial error in defense counsel's failure to file a written motion for a new trial. For his oral motion was sufficient to raise any cause for a new trial which might appear in the record. *People* v. *Flynn,* 8 Ill.2d 116.

Second, the defendant contends that he was deprived of a fair trial by incompetency of counsel. The most serious point raised is that in cross-examining one of the investigating police officers, defense counsel brought out that the officer had questioned the State's principal witness, the purchaser, about the latter's use of heroin. This resulted, on redirect, in the officer testifying that the purchaser said he got that drug from the defendant also.

In appraising counsel's conduct, we must view it in the context of the trial. At that point, he was faced with a difficult situation. The evidence was squarely against his client, and with no favorable witnesses but the defendant himself held in reserve, the only chance for an acquittal was to discredit the State's witnesses, particularly the purchaser. Thus, it would appear, he attempted to paint the latter as an habitual drug addict; but, as aforesaid, this resulted merely in additional damaging evidence against the defendant. Yet the attempt was one of those calculated risks which counsel are called upon to take during the course of a trial, and while it did not produce an acquittal, neither did it demonstrate incompetency.

We are of the opinion that the defense counsel, a member of the Cook County Public Defender's staff, ably represented the defendant. And in view of the strong evidence of guilt, it does not appear that anything he could have done would have changed the result.

Third, there was no variance between the indictment and proof. The first count of the indictment charged that the defendant "sold" the marijuana, while the second count alleged that he "dispensed" it. This is precisely what the proof showed.

The claim of improper admission of evidence relates to testimony regarding sales by the defendant to the same purchaser on three previous occasions. While evidence of other offenses is ordinarily inadmissible, an exception is often recognized where the evidence tends to aid in identi-

fying the accused as the person who committed the particular crime charged. (See, generally, 63 A.L.R. 602; 27 A.L.R. 357; 22 A.L.R. 1016; 3 A.L.R 1540.) In this case the principal witness for the State was the purchaser. He said he had seen the defendant, known to him only by the nick-name "The Killer," on three previous occasions, at which times he bought marijuana from him. The testimony was material to the identification, and is not rendered inadmissible because it also brought to the jury's attention evidence of three prior offenses. The liquor law violation cases, discussed in the above-cited annotations, are analogous.

Fourth, we do not believe the prosecutor injected prejudicial error into the trial by his closing argument. Referring to the defendant as "The Killer," a name by which he was known, the prosecutor went on to castigate him as a "vicious, contemptible man * * * a destroyer of lives," adding: "He doesn't have to have horns on his head; he doesn't have to be carrying a pitchfork; he doesn't have to wear a dark and sinister look. Oh, no—right before you, right before you today, you see a dope seller. You see a man who destroys, who tears apart, who tears the living soul out of human beings." And going on in a similar vein about the evils of the narcotics traffic, the assistant State's Attorney told the jury that "all of the men's clubs and women's clubs" were watching "to see what you are going to do about dope * * * to see what your response is, whether you are going to let a man like this go out and destroy more lives * * *."

Careful scrutiny of the prosecutor's argument discloses that in a few isolated instances he may have transcended the bounds of legitimate argument. But we must be mindful of the considerable latitude permitted in closing argument. For example, there was evidence that the defendant sold a narcotic drug in violation of law, and it is common knowledge that the illegal drug traffic is a serious menace

to society. It was proper to argue on the evil results of such a crime and urge fearless administration of the law. (*People* v. *Beil,* 322 Ill. 434; *People* v. *Pargone,* 327 Ill. 463.) Moreover, reversal is not warranted unless it appears that the acts complained of influenced the jury in a manner that resulted in substantial prejudice to the accused. (See, generally, 15 I.L.P., Criminal Law, sec. 929.) Here the jury returned a just verdict; indeed, it was the only reasonable conclusion to reach upon the basis of the evidence adduced.

Finally, the defendant assigns error in the giving of an instruction which informed the jury of the presumption of innocence and the burden of proof. However, this is a stock instruction and was properly submitted to the jury. See *People* v. *Long,* 407 Ill. 210.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*