**BenJamIn BEVELY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 1911.**

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 22, 1957.

Decided March 4, 1957.

John J. Spriggs, Jr., Washington, D. C., (appointed by this court), for appellant.

Richard J. Snider, Asst. U. S. Atty., with whom Oliver Gasch, U. S. Atty., Lewis

Carroll and William A. Dougherty, Asst. U. S. Attys., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This is an appeal from a conviction of petit larceny. The property involved was a crate of chickens, packed in crushed ice, which disappeared from a truck while the driver was making deliveries. There was evidence that the driver discovered the crate missing, noticed a trail of water leading away from the truck to a house nearby, and notified the police. The police followed the trail into a rundown rooming house, known to them to be "wide-open" twenty-four hours a day, until they reached a community kitchen where they found appellant crouched behind a table. Beside him was the crate of chickens which the driver had described. Appellant denied any knowledge of the theft and was placed under arrest. He testified that he did not live in the house, was on the front proch when arrested, and had merely stopped by to get a drink.

 Appellant contends the court erred in not directing a judgment of acquittal due to the fact that the evidence introduced by the government was entirely circumstantial. This point is without merit. Shortly after the theft appellant was found crouched behind a table with the fruits of the crime beside him. The case having been tried to the court without a jury, the judge was entitled to accept appellant's denial and acquit him, or reject it and apply the prima facie rule applicable in the unexplained possession of recently stolen property,[1] and fairly conclude beyond a reasonable doubt from the facts and circumstances recited that appellant was the person who actually stole the crate of chickens.

1. Gilbert v. United States, 1954, 94 U.S. App.D.C. 321, 215 F.2d 334; Edwards v. United States, 1943, 78 U.S.App.D.C. 226, 139 F.2d 365.

The actions of appellant—hiding behind a table with the stolen crate beside him—were not, in our opinion, consistent with innocence, one of the usual tests applied to circumstantial evidence.[2] The court heard the witnesses' testimony and reached the conclusion that appellant was the thief, and in the circumstances it was for him, and not for us, to decide that question.

Affirmed.

2. Brock v. United States, D.C.Mun.App. 1956, 122 A.2d 763; Vincent v. United States, D.C.Mun.App.1948, 58 A.2d 829.