Claude R. ALLEN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 14221.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 23, 1958.

Decided April 24, 1958.

Mr. Sidney A. Cohen, Washington, D. C. (appointed by the District Court) for appellant.

Mr. John W. Warner, Jr., Asst. U. S. Atty., for appellee. Messrs. Oliver

Gasch, U. S. Atty., Joseph Hannon and Lewis Carroll, Asst. U. S. Attys., were on the brief for appellee.

Before WASHINGTON, DANAHER and BURGER, Circuit Judges.

PER CURIAM.

 Three men, including appellant, were charged with unauthorized use of an auto, D.C.Code § 22–2204 (1951). When the police came upon the scene at 4:00 a. m. December 21, 1956, they saw one defendant at the wheel of the car whose motor was running, another defendant 50 feet ahead siphoning gas from a parked truck, and appellant first standing beside and then walking away from the car. As the police later discovered, the left front car window had been broken, the title card to the car was in an envelope in the street near the three defendants. The car had been moved from another part of town the preceding day where it had been left with the ignition unlocked, and it had a quarter of a tank more gas in it than before it had been taken. The evidence was that the three defendants were acquainted and had been together at some point earlier in the evening. Prior acquaintance was confirmed by the fact that defendant Butler had the day before painted the home of appellant's mother.

Upon seeing the police, the driver attempted to drive off, but the car stalled. As appellant started to walk away, he was called back by the officers. He offered no plausible explanation to the officers of his presence at that place in these circumstances.[1] Appellant did not take the

---

1. He and defendant Dorman had the same story to tell the arresting officers, viz., that they just happened to meet while walking at 4:00 a. m. of a winter morning; they walked together for one block (which brought them to the scene of

the crime), except that Dorman walked 50 feet behind because he had a "bad foot." Hence, when the police arrived, Dorman was 50 feet away from appellant siphoning gas from a truck, although by his story he was simply out walking and thus had no pressing need to steal gas; appellant was standing at the side of a stolen car, unaware, as he claimed, that the third defendant was in the car. The third defendant's story corroborated the others'. He stated he had got into the car because he was cold and wanted

stand at trial. The jury was instructed as to unauthorized use and aiding and abetting, and returned a general verdict of guilty.

■ Appellant argues that he could not have been found guilty of unauthorized use, because there was no evidence that, to use the statutory terms, he did "take, use, operate, or remove, or cause to be taken, used, operated, or removed," the car. He claims that possession by him of the stolen car was essential to prove guilt [2] and here the possession was not made out, and the most that could be said is that he was standing *near* the car. We need not decide this question, for the facts warranted a jury in finding that appellant aided and abetted the unauthorized use, which, of course, puts appellant in the shoes of the principal offender.[3] The instructions as to aiding and abetting were adequate,[4] and the conviction must be

Affirmed.

WASHINGTON, Circuit Judge, dissenting.

I am constrained to dissent from affirmance of this conviction. I do not consider that there was sufficient evidence introduced by the Government to allow a jury to find appellant guilty beyond a reasonable doubt of aiding and abetting the principal's (Butler's) unauthorized use of a motor vehicle.

As to the appellant Allen, the testimony most favorable to the Government shows:

Sometime during the early evening of December 20, 1956, Allen was with his co-defendants Dorman and Butler. Butler had spent that afternoon painting Allen's mother's house. According to Allen's and Dorman's separate statements to Officer Kunmann at the time of arrest—to which the officer testified at trial—Allen and Dorman had separated earlier from each other and from Butler, and had not met each other again until shortly before the arrest. At 4:00 A.M. on December 21, 1956, just before the arrest, Allen was seen by police officers standing near [1] a Buick car. Defendant Butler was found by the police in the driver's seat of the Buick. Defendant Dorman was some 40 feet away. When the police officers came upon the scene Allen "turned from the car and started walking north * * *. Just walking, very casually walking." Dorman did likewise. Officer Shelton testified that there was no sudden flight from the scene by Allen: "He was walking. Made no attempt to run." No weapons were found when the three defendants were "patted down" at the time of arrest, and no fingerprints were taken from the car. Officer Kunmann testified that Dorman stated to him at the time of the arrest that he was lagging behind Allen because

a place to sleep, and that the explanation for the car lurching forward was that his foot must have hit the starter while he was asleep. These facts are derived from the testimony of the arresting officers; appellant did not testify.

2. Cf. Gilbert v. United States, 1954, 94 U.S.App.D.C. 321, 215 F.2d 334, which holds that unexplained possession of recently stolen property is prima facie evidence of guilt.

3. D.C.Code, § 22–105 (1951) makes aiders and abettors chargeable as principals. Cf. Lanham v. United States, 1950, 87 U.S.App.D.C. 357, 185 F.2d 435; Williams v. United States, 1954, 94 U.S.App. D.C. 219, 215 F.2d 35.

4. The court said, "*if you find beyond a reasonable doubt that any particular*

*Defendant did not aid or abet* a principal offender in the said crime, of unauthorized use of a motor vehicle, with which Defendants are charged in this case, then and in that event, this instruction on aiding and abetting would not be applicable to that particular Defendant. * * *" (Emphasis added.) Thus it might appear that the burden was put upon the wrong side. But no fewer than *seven times immediately preceding* the charge quoted above, the court spoke of the reasonable doubt test and the fact that the *Government* had to sustain this burden. Taken in context of what is an eminently fair charge, we are satisfied that no prejudice resulted.

1. "[A]longside of the centerpost of," or "near the right rear fender of" the car.

of a sore foot. Kunmann also testified that both Allen and Dorman stated to him after the arrest that neither knew Butler was in the car. There was testimony that none of the defendants had been authorized by the owner to use the car, which was later reported as missing. This was the Government's case against appellant Allen—with whom we are solely concerned on this appeal.[2]

To convict an accused of aiding and abetting the commission of a criminal offense, under District of Columbia Code § 22–105 (1951), mere presence at the scene of the crime is not sufficient.[3] Something more is required. This "something more" must be such that from it—and the defendant's presence, actual or constructive—a jury might be able to find guilt beyond a reasonable doubt.[4] The "something more" must be probative of knowledge by the defendant that a crime was being committed *and* of some conscious effort to assist or protect the criminal conduct of the principal offender. The principle was well stated in Johnson v. United States, supra note 3, 195 F.2d at pages 675–676:

> "The question for determination is whether there was substantial evidence from which the jury might have found beyond a reasonable doubt that defendant aided and abetted in the commission of the crime charged. To be an aider and abetter it must appear that one so far participates in the commission of the

crime charged as to be present, actually or constructively, for the purpose of assisting therein. Thus, one who gives aid and comfort, or who commands, advises, instigates or encourages another to commit a crime may be said to be an aider and abetter. Generally speaking, to find one guilty as a principal on the ground that he was an aider and abetter, *it must be proven that he shared in the criminal intent of the principal* and there must be a community of unlawful purpose at the time the act is committed. As the term 'aiding and abetting' implies, *it assumes some participation in the criminal act* in furtherance of the common design, either before or at the time the criminal act is committed. *It implies some conduct of an affirmative nature and mere negative acquiescence is not sufficient.* Morei v. United States, 6 Cir., 127 F.2d 827; United States v. Dellaro, 2 Cir., 99 F.2d 781. In fact, it has been held that *the mere fact that one is present at the scene of a crime, even though he may be in sympathy with the person committing it, will not render him an aider and abetter.*" (Emphasis added.)

State and Federal cases are in agreement.[5]

In my view the prior acquaintance of Allen with his co-defendants, plus his

---

2. The co-defendants did not appeal. We need not discuss or attempt to evaluate the evidence against them.

3. See Hicks v. United States, 1893, 150 U.S. 442, 449–450, 14 S.Ct. 144, 37 L.Ed. 1137; United States v. Williams, 1951, 341 U.S. 58, 64 note 4, 71 S.Ct. 595, 95 L.Ed. 747; Johnson v. United States, 8 Cir., 1952, 195 F.2d 673, 675–676.

4. *Compare* the additional evidence introduced against the defendants in Williams v. United States, 1954, 94 U.S.App.D.C. 219, 215 F.2d 35; Gilbert v. United States, 1954, 94 U.S.App.D.C. 321, 215 F.2d 334; Epps v. United States, 1946, 81 U.S.App.D.C. 244, 157 F.2d 11, *with*

that in Johnson v. United States, 8 Cir., 1952, 195 F.2d 673. See also Barfield v. United States, 5 Cir., 1956, 229 F.2d 936.

5. See, e. g., United States v. Di Vito, 7 Cir., 1952, 198 F.2d 3; United States v. Peoni, 2 Cir., 1938, 100 F.2d 401; cases cited supra note 2; People v. Hill, 1946, 77 Cal.App.2d 287, 175 P.2d 45; Jones v. State, 1941, 64 Ga.App. 308, 13 S.E.2d 91; People v. Barnes, 1924, 311 Ill. 559, 143 N.E. 445; Sumpter v. Commonwealth, Ky.1952, 251 S.W.2d 852; Cochran v. State, 1941, 191 Miss. 273, 2 So.2d 822; Smith v. State, 1939, 66 Okl.Cr. 408, 92 P.2d 582; Hamilton v. Commonwealth, 1941, 177 Va. 896, 15 S.E.2d 94.

presence at the scene of the arrest and his abortive attempt to leave it, do not supply the missing *probanda*. I would reverse and direct the entry of a judgment of acquittal.