**Claude C. SCOTT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19763.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 13, 1966.

Decided Oct. 26, 1966.

Mr. Charles R. Work (appointed by this court), with whom Mr. Paul K. Murphy, Washington, D. C., was on the brief, for appellant.

Mr. Edward T. Miller, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before DANAHER, Circuit Judge, and BASTIAN, Senior Circuit Judge, and WRIGHT, Circuit Judge.

DANAHER, Circuit Judge.

Scott was convicted of unauthorized use of a motor vehicle in violation of D.C. CODE § 22–2204 (1961).[1] The jury also found the appellant guilty of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312 (1964). In the District Court concurrent sentences were imposed with respect to the conviction on each count.

The appellant and the Government stipulated at trial that a certain identified Dodge automobile was owned by a resident of Richmond, Virginia, whose daughter had authorized the car to be parked on a Richmond street in front of a funeral home; further it was stipulated that the car bore a certain serial number and Virginia registration tags. Neither the owner of the car nor his daughter knew the appellant and concededly neither had given him permission to use the car.

The car was stolen on May 28, 1964. On the afternoon of November 25, 1964, a Metropolitan Police officer stopped the car for a speeding violation. The car then bore 1964 North Carolina license tags. When called upon to produce evidence of registration, the appellant opened the glove compartment and produced the Virginia registration which had been issued to the owner. A check of the serial number identified the car as that described in the Virginia registration. A similar check with North Carolina authorities developed that the North Carolina tags had been issued for a 1963 Ford.

The appellant offered no explanation for his possession of the stolen vehicle. Rather, he claimed to have been suffering from a form of amnesia and that he had no recollection of events over the period from May, 1964 to the date of his arrest.

In rebuttal, a psychiatrist on the staff at St. Elizabeths testified that he found the appellant had not suffered from mental disease or mental defect. The arresting officer testified that Scott had talked coherently, had answered questions put to him and had seemed normal in all respects.

There would seem to be no possible basis upon which this appellant's use and operation of the stolen car on the public streets of the District of Columbia could be anything but "unauthorized" as the term is used in the pertinent section of our Code. We find no error.

Appellant contends that his conviction on either count may not stand in that the lapse of time between the theft in Richmond and his being arrested while driving the car in the District of Columbia had been so great that the car could not in any legally satisfactory[2] sense be described as "recently stolen." We need not decide the point, in the absence at trial of a request for limiting instructions or of objections to the charge as given.

Affirmed.

1. This section in pertinent part provides: "Any person who, without the consent of the owner, shall * * * use, operate * * * on a public * * * highway * * * an automobile or motor vehicle, and operate or drive or cause the same to be operated or driven for his own profit, use, or purpose shall be punished by a fine not exceeding one thousand dollars or imprisonment not exceeding five years, or both such fine and imprisonment."

2. Cf. Travers v. United States, 118 U.S. App.D.C. 276, 335 F.2d 698 (1964); Bray v. United States, 113 U.S.App.D.C. 136, 139, 140, 306 F.2d 743, 746, 747 (1962); Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090 (1896); Gilbert v. United States, 94 U.S.App.D.C. 321, 215 F.2d 334 (1954); Boehm v. United States, 271 F. 454 (2 Cir. 1921).