**Benjamin O. GREENWOOD, III, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4074.**

District of Columbia Court of Appeals.

Argued Dec. 12, 1966.

Decided Jan. 19, 1967.

---

Dorsey Evans, Washington, D.C., for appellant.

Michael R. Sonnenreich, Sp. Asst. U.S. Atty., with whom David G. Bress, U.S. Atty., and Frank Q. Nebeker, Asst. U.S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

Appeal from a conviction of attempted unauthorized use of a motor vehicle, D.C. Code 1961, §§ 22–2204 and 22–103.

It appeared from testimony that after appellant turned in front of a police squad car without giving a proper turn signal, he was stopped and asked to exhibit his registration and license; he did not have an operator's permit. A check at police headquarters indicated the automobile had been stolen five days earlier.

At trial, it was stipulated that a certain identified Pontiac automobile was owned by an individual who neither knew appellant nor had given him permission to use the car. Appellant testified that he borrowed the car from a friend[1] with whom he was in the habit of trading vehicles and that it was in his possession for only nine hours. The parties further stipulated that one Brown would have testified that appellant stated he was "going to try and borrow that car."

Error is asserted in that 1) there is no such crime as the attempted unauthorized use of a motor vehicle and 2) that the evidence did not support the verdict.

1. Appellant's argument on the question of the attempt follows these lines. Since unauthorized use is, in a sense, a type of larceny charge, the illegal use is an attempted larceny. From this it is urged that the offense in this case is really an attempted attempt which is not a crime. To follow this reasoning would lead to some strange results. Thus, for example, there could be no attempted breaking and entering because it is a lesser included offense of housebreaking. Appellant's argument was inferentially rejected in Evans v. United States, 98 U.S.App.D.C. 122, 232

---

1. The testimony indicated that the friend could not be located.

**880**

F.2d 379 (1956), where convictions for grand larceny and unauthorized use arising from the same facts and circumstances were allowed to stand. The court found no merit in the contention that "the offense of unauthorized use is included in that of grand larceny." Id. at 123, 232 F.2d at 380.

■ It is true that D.C.Code 1961, § 22–2204 does not include attempts to "take, use, operate, or remove * * *" a vehicle without the consent of the owner. This is the reason why "whoever shall attempt to commit any crime, which attempt is not otherwise punishable by this title, shall be punished * * *" as a misdemeanant. D.C.Code 1961, § 22–103. There is nothing to indicate that unauthorized use was intended to be excluded from the provisions of Section 103.

■ Appellant cannot be heard to complain of an attempt conviction when the completed offense was proved. To compel acquittal on that basis would result in the "anomalous situation of a defendant going free 'not because he was innocent but for the very strange reason that he was too guilty.'" (Footnote omitted.) United States v. Fleming, D.C.App., 215 A.2d 839, 840–841 (1966).

■ 2. As to the claim that the evidence did not support the conviction, we refer to the following statement in Johnson v. United States, 121 U.S.App.D.C. 19, 20, 347 F.2d 803, 804 (1965):

> The case for the Government consisted of testimony of a police officer, who * * * saw appellant driving the automobile * * * and the testimony of [the owner] * * * who affirmed his ownership of the automobile and stated that he had not given appellant or anyone else permission to use it. This evidence is sufficient to support the verdict * * *. Accord, Epps v. United States, 81 U.S.App.D.C. 244, 157 F.2d 11 (1946).

The trial court resolved the issue of credibility in the government's favor and an examination of the transcript satisfies us that this finding was justified. Appellant also urges that the lapse of five days between the theft and his arrest operates to insulate him from criminal liability. This novel proposition would place a premium on the tactics of the thief: if he can conceal the car for a sufficient length of time, he must be acquitted. A recent case held that a conviction following a six-month lapse between theft and apprehension was not plain error. Scott v. United States, D.C. Cir., 369 F.2d 183, (decided October 26, 1966).

Affirmed.