THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROGER PARKS, Defendant-Appellant.

Third District   No. 77-234

Opinion filed February 28, 1978.

Howard Vincent Thomas, of Peoria, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Roger Parks appeals to this court from a judgment of conviction of the offense of unlawful delivery of a controlled substance in violation of section 401(c) of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(c)). The judgment was entered in the Circuit Court of Peoria County following a jury trial. Defendant was sentenced to a term of 5 years probation.

On appeal in this Court, defendant contends that (1) the State failed to prove defendant's guilt beyond a reasonable doubt, and (2) defendant was denied a fair trial by reason of certain remarks made during the prosecutor's opening and closing arguments.

The instant case involves an accountability problem. The conviction of defendant was based upon his acts in aiding and abetting Larry McMullen

in the commission of the offense of unlawful delivery of a controlled substance. The State prosecuted defendant on the theory that defendant was accountable under the provisions of section 5—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 5—2) by reason of the delivery of a controlled substance by Larry McMullen.

It appears from the record that an Officer Conley and a companion identified only as a "confidential source," were leaving a tavern in Princeville, Illinois, when the confidential source hailed a passing vehicle. That vehicle was driven by McMullen, and defendant and a Gary Rodgers were passengers in the vehicle. After the vehicle stopped, Conley and the confidential source walked over to it. Conley's testimony was that he, Conley, and the confidential source then engaged in a conversation with defendant Parks about the possible delivery of mescaline or LSD. Conley testified that defendant Parks stated that he (Parks) had "a gram" but could get an ounce. Conley also testified that he and the confidential source did not converse with any occupant of the vehicle other than defendant. Defendant and his companion, Rodgers, testified that the confidential source and Conley conversed with McMullen regarding the possible sale of drugs, and that defendant told McMullen that if McMullen was going to sell drugs, defendant did not want anything to do with such sale.

It appears from the record that subsequent to the initial approach by Conley and his companion to the car and a conversation with an occupant of the car, the vehicle proceeded down the road and then stopped. McMullen then left the automobile, while defendant and Rodgers remained in the vehicle and listened to the radio. McMullen then delivered a bag containing LSD to the confidential source, and Conley gave McMullen a 10-dollar bill. After the jury had heard the evidence and arguments of counsel, the jury found defendant guilty of unlawful delivery of a controlled substance, as we have noted.

■■ As we have indicated, defendant first argues that the State failed to establish his guilt beyond a reasonable doubt. Defendant's conviction resulted from defendant being held accountable for the delivery of the LSD by McMullen. Section 5—2 of the Criminal Code of 1961 provides in part:

> "A person is legally accountable for the conduct of another when: * * * (c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense. * * *."

In *People v. Barnes* (1924), 311 Ill. 559, 562, 143 N.E. 445, the Illinois Supreme Court observed:

"Aiding, abetting or assisting are affirmative in their character. It is not sufficient that there is a mere negative acquiescence not in any way made known to the principal malefactor. The mere presence of a person is not sufficient to constitute him a principal unless there is something in his conduct showing a design to encourage, incite or in some manner aid, abet or assist the actual perpetrator of the crime."

As we have noted, also, in *People v. Marquis* (3d Dist. 1974), 24 Ill. App. 3d 653, 664, 321 N.E.2d 480, the statute makes it clear that the legislature did not intend to establish criminal responsibility simply through guilt by association. We did note in that case, however, that:

"It is not necessary for the defendant to be present when the sale takes place * * *, nor is it required that he be in possession of marked money * * *."

■■ In the instant case, the evidence adduced by the State at trial was sufficient, if believed and accepted by the jury, to render defendant accountable for the sale by McMullen of the LSD. Conley's testimony indicated that defendant communicated the availability of the drugs prior to the delivery of the drugs by McMullen. That communication was a positive act which facilitated the eventual delivery and could only have been made with the specific intent to aid in a sale or delivery by McMullen. We recognize that the defendant and his companion Rodgers testified to the contrary but as stated in *People v. Tate* (1976), 63 Ill. 2d 105, 108, 345 N.E.2d 480, 482:

"Although the evidence at trial was contradictory, the jury, after hearing the testimony and weighing the credibility of witnesses, resolved the issues against appellant. While it is true that mere presence or negative acquiescence is not enough to constitute a person a principal, we feel that the circumstances are such as to show a common design assented to by the appellant. The determination of the jury will not be set aside unless the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of the defendant's guilt."

In the instant case, we conclude from the evidence that the evidence is not so improbable as to raise a reasonable doubt of defendant's guilt.

■■ Defendant also contends that he was denied a fair trial by virtue of certain remarks made by the prosecutor in the opening and closing arguments. The record shows that in the opening statement, the prosecutor stated:

"I believe the testimony will be in this case that this substance [delivered by McMullen] was found to be Lysergic Acid Diethylamide, LSD, one of the more dangerous drugs available on the street today."

Defendant argues that this remark was improper because the State failed to introduce evidence that LSD is "one of the more dangerous drugs available on the street today." We note, however, that the State did introduce evidence that the substance delivered was LSD. While we agree that it is improper to comment during opening argument upon testimony to be introduced at trial and then fail to produce such testimony, it is proper for the prosecutor to argue on the evil results and detrimental social impact of a crime and urge fearless administration of the law (*People v. Lopez* (1957), 10 Ill. 2d 237, 139 N.E.2d 724, *cert. denied* (1957), 353 U.S. 975, 1 L. Ed. 2d 1138, 77 S. Ct. 1062). We conclude, from the record, that the prosecutor's reference to the degree of danger inherent in LSD was permissible comment upon the evil impact of defendant's alleged crime, and was not a specific reference to testimony which the prosecutor intended to adduce at the trial.

■■ We also note, that during the defense counsel's closing argument, defense counsel posed the question: "If he [defendant] had set this [drug] deal up, * * * why wouldn't he be the one that got out of the car?" The remarks of the State's Attorney in response, in rebuttal, which told the jury that defendant did not get out of the car at the time of delivery of the drugs because defendant was "a smart drug dealer," were invited by the remarks of defense counsel, and defendant cannot claim he was prejudiced by the reply under such circumstances. (*People v. Wheeler* (1955), 5 Ill. 2d 474, 486, 126 N.E.2d 228.)

Defendant further argues that, in other instances, the prosecutor's statements during closing argument transcended the bounds of legitimate argument. As we have stated in *People v. Johnson* (3d Dist. 1976), 35 Ill. App. 3d 666, 668, 341 N.E.2d 443:

> "It is well settled that the prosecutor on closing argument may comment and argue upon the facts and circumstances proved in the case and may draw all legitimate inferences from those proven facts. * * * It is equally clear however that assumptions and statements of fact not based upon evidence in the case may not properly be argued to the jury."

From our examination of the portions of the prosecutor's argument which defendant urges were improper, and which we believe it is not necessary to detail, we conclude that the argument did not extend beyond the facts proved in the case and legitimate inferences derived therefrom.

For the reasons stated, therefore, the judgment of the Circuit Court of Peoria County and the sentence imposed are affirmed.

Affirmed.

BARRY, P. J., and SCOTT, J., concur.