**UNITED STATES of America**

v.

**Charles E. KNIGHT.**

**Crim. No. 22521.**

United States District Court
E. D. Pennsylvania.

Dec. 30, 1966.

---

Robert St. Leger Goggin, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Austin Hogan, Defender Ass'n of Philadelphia, Philadelphia, Pa., for defendant.

## MEMORANDUM

FULLAM, District Judge.

The defendant Charles E. Knight stands convicted of mail theft and related charges, the offenses having occurred during the period from October, 1964, to June, 1965, while the defendant was on active duty with the United States Air Force, as mail room clerk at Kindley Air Force Base, Bermuda, B.W.I. His post-trial motions raise a single issue: the admissibility in evidence of certain oral and written admissions made by the

defendant during questioning by air force personnel subsequent to his discharge from the service.

The facts are not controverted. The defendant was discharged from the air force on June 21, 1965, and returned to his home in Philadelphia. In August of that year, Agent Otero of the Office of Special Investigations of the United States Air Force telephoned the defendant, advised him that that office was investigating certain matters which had occurred at Kindley Air Fore Base during defendant's tenure there; advised the defendant that Otero did not wish to discuss these matters by telephone; and sought to arrange an appointment. The defendant agreed to meet with Mr. Otero at the latter's office the following morning, August 3, 1965.

The defendant failed to keep the appointment, whereupon Agent Brown, Otero's superior, telephoned the defendant to inquire why he had not kept the appointment. The defendant apologized, stating he had overslept, and agreed to meet with the agents at their office on August 5th.

On August 5, 1965, at the appointed time, the defendant reported to the investigators' office. They showed him their credentials, advised him of the nature of the investigation they were conducting, and repeatedly advised him that he need not make any statement, and that he had a right to have counsel present if he desired. The defendant told them that he did not wish counsel. Thereupon, the agents proceeded to question the defendant. Initially, he denied any knowledge of the mail thefts, but, after about a half hour, admitted his guilt. Thereupon, a written statement was taken, after the defendant was again warned of his rights.

Without going into all of the details, it is sufficient to state that it clearly appears that the defendant was given every warning which the subsequent decision of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) requires, except that he was not specifically advised that counsel would be made available to him free of charge if he wished to be represented and was financially unable to obtain counsel.

After signing the written statement, the defendant returned home and remained at large for several months. He was not taken into custody until after his indictment on these charges in May of 1966.

For present purposes it will be assumed that the warnings given were insufficient under Miranda, because of the failure expressly to state that counsel would be made available free of charge if need be. However, it is by no means clear that such further advice was required under the circumstances, in view of the defendant's initial flat statement that he did not desire counsel, and in view of the absence of any showing of indigency.

■ Be that as it may, it is perfectly clear that the questioning of the defendant in this case was not custodial interrogation. This was not, in the language of Miranda, "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom in any significant way." The defendant was under no compulsion to go to the investigators' office and he was free to leave at any time during his stay there. He did leave at the conclusion of the interview, and was not arrested until several months later.

■ Counsel for the defendant admits that the defendant was not actually in custody during the questioning, but contends, in effect, that the defendant was in constructive custody, since he was probably motivated by "military fear" and similar psychological factors when he cooperated with the investigators by voluntarily appearing at their office. The short answer to this argument is that there is no evidence to support it. The defendant did not testify on this point and the evidence as a whole tends to negative any such state of mind on the part of the defendant.

It is our conclusion that the defendant's constitutional rights were not in any way infringed, and that his oral and written admissions were properly received in evidence. Defendant's post-trial motions will be denied.