**UNITED STATES of America, Plaintiff,**

**v.**

**Leo KUBIK and J. C. White, Defendants.**

**Crim. No. 4–1190–C.**

United States District Court
S. D. Iowa,
Central Division.

April 12, 1967.

---

Jerry E. Williams, U. S. Atty., and Claude H. Freeman, Asst. U. S. Atty., for the United States.

Raymond E. Pogge and Thomas L. Root, Council Bluffs, Iowa, for defendant Leo Kubik.

James A. Pratt, Council Bluffs, Iowa, for defendant J. C. White.

STEPHENSON, Chief Judge.

This matter is now before the Court upon the motion of defendant Leo Kubik to suppress evidence.

On January 19, 1966, indictment was filed herein charging in Count I that the defendant Leo Kubik, who was a retail dealer in liquor as defined in 26 U.S.C. § 5122(a), did not provide and keep certain records as required by 26 U.S.C. § 5124 and in violation of 26 U.S.C. § 5603; in Count II the defendant, being a person who sold and offered for sale distilled spirits, is charged with possessing a liquor bottle in which there had been placed distilled spirits other than those contained in said bottle at the time of stamping under the provisions of 26 U.S.C. § 5205, in violation of 26 U.S.C.A. §§ 5301 and 5606; in Count III the defendant is charged with knowingly failing and refusing to produce certain records concerning distilled spirits received, upon request made by duly authorized officers of the Internal Revenue Service as required by 26 U.S.C. § 5124 and in violation of 26 U.S.C. § 5603; in Count IV defendant is charged with conspiring with others to violate the aforementioned record keeping statutes, and 26 U.S.C. § 5117(a), 18 U.S.C. § 371.

Prior to the return of the indictment agents of the Internal Revenue Service visited the defendant's premises on several occasions, ultimately climaxed by

the defendant's arrest on February 6, 1965. The defendant now moves to suppress any and all statements made by said defendant to the United States Government investigators during their investigation of this cause, for the reason that said investigators did not advise the defendant Leo Kubik "of his constitutional rights to remain silent and to have counsel before he can be interrogated about crimes he is suspected of." The defendant cites United States v. Kingry, C.C.H. 1967 Stand.Fed.Tax Rep. ¶ 9262 at 83.604 (N.D.Fla., 1967). The government contends that statements made by the defendant Kubik were made when he was not in custody, not under arrest, and at a time prior to an accusatory stage of investigation; further, that during the Internal Revenue Agents' general inspection as provided for under 26 U.S.C. §§ 5146 and 5301, the agents were under no obligation to inform the defendant of his constitutional rights to remain silent; or that anything he might say can and will be used against him in court; or that he has the right to confer with counsel prior to answering any questions and to have counsel present during the questioning itself; or that if he is an indigent he has the right to have appointed counsel. It is conceded no such warning was given to the defendant Kubik prior to his arrest.

A suspect's Fifth Amendment privilege against self-incrimination, and his Sixth Amendment right to the assistance of counsel to protect that privilege come into play as soon as law enforcement officers take him into custody or otherwise restrict his freedom of action in any significant way. The requirements of a warning of constitutional rights are confined to situations involving custodial interrogation. Miranda v. State of Arizona, 384 U.S. 436, 444, 478–479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); United States v. Fiore, 258 F.Supp. 435, 440 (D.C.W.D.Pa.1966).

It is the view of the Court that the statements made by the defendant prior to his arrest and prior to the defendant being deprived of his freedom of action in any significant way should not be suppressed. The Court finds after examining the affidavit of the defendant and hearing the testimony of the government agent that the statements made by the defendant Leo Kubik during the course of the investigation and prior to his arrest were not statements made while the defendant was in custody or when his freedom of action was restrained in any significant way.

Defendant further moves to suppress evidence in the form of "(29) bottles of liquor," which he claims were illegally seized. The government contends that the defendant voluntarily consented to the search. The question of whether consent to a search is voluntary, is one of fact which turns upon the weight of the evidence and the credibility of the witness. Maxwell v. Stephens, 348 F.2d 325, 336–337 (8th Cir. 1965).

After examining the affidavit of the defendant and hearing the testimony of the government agent, the Court finds that the defendant voluntarily consented to the search of the trunk of his automobile where the liquor was stored. In fact it appears from the evidence that the defendant volunteered to show the government agent where the liquor was stored and that he thereafter voluntarily opened the trunk of his car, an examination of which revealed the presence of the "(29) bottles of liquor." The search being lawful, the Court finds that the seizure was lawful. The motion to suppress is denied.

It is ordered that the motion of the defendant Leo Kubik to suppress statements made by said defendant prior to his arrest is hereby denied.

It is further ordered that the motion of the defendant Leo Kubik to suppress evidence in the form of "(29) bottles of liquor" is denied.