PER CURIAM.
In this criminal appeal, the appellant raises two points. One goes to the sufficiency of the evidence. The record reveals substantial, competent evidence to support the judgment of conviction and, therefore, this point is not well taken. Crum v. State, Fla.App. 1965, 172 So.2d 24; Escobar v. State, Fla.App. 1966, 181 So.2d 193; Williams v. State, Fla.App. 1966, 187 So.2d 913; Richburg v. State, Fla.App.1967, 199 So.2d 488. The appellant also urges that the court erred in permitting certain evidence to be introduced in the nature of statements made by the defendant prior to his arrest, citing Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977; Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, as authority for reversal. We do not agree.
It was within the province of the trial judge to determine if the investigation had already focused on the defendant at the time the voluntary statements were made, in order to prevent the introduction of same without evidence of the required constitutional warnings. Not all statements are objectionable. United States v. Knight, E.D.Penn.1966, 261 F.Supp. 843; United States v. Spinney, D.C.Mass.1966, 264 F.Supp. 774; United States v. Kuntz, N.D.N.Y.1967, 265 F.Supp. 543; United States v. Gleason, S.D.N.Y.1967, 265 F.Supp. 880; United States v. Kubik, D.C.Del.1967, 266 F.Supp. 501.
Therefore, the judgment of conviction and sentence be and the same is hereby affirmed.
Affirmed.