UNITED STATES of America, Appellee,

v.

Felix Rivera MANGLONA, Appellant.

No. 23195.

United States Court of Appeals Ninth Circuit.

July 2, 1969.

Ramon V. Diaz (argued), Agana, Guam, for appellant.

James P. Alger (argued), U. S. Atty., Agana, Guam, for appellee.

Before HAMLEY, HAMLIN and ELY, Circuit Judges.

HAMLEY, Circuit Judge:

In the first count of a two-count indictment, Felix Rivera Manglona, Francisco Quintanilla Pangelinan and Felix San Agustin San Agustin, were charged with forging the endorsement of the payee, Jesus H. Cruz, on a $125.00 Government check. In the second count they were charged with uttering the check as true and genuine, with intent to defraud the United States. Both acts were alleged to be in violation of 18 U.S.C. § 495 (1964).

Pangelinan and San Agustin pleaded guilty. Manglona pleaded not guilty. He was tried before a jury and was found guilty on the uttering count and not guilty on the forging count. Manglona then took this appeal.

Manglona was in civilian employment as a "leading man cleaner" at the Naval Communication Center in Finegayan, Guam. In this capacity, he distributed United States Navy payroll checks to from thirty to forty-four employees of the Navy who were under his supervision. The checks were delivered to him on alternate Fridays and he ordinarily distributed them by gathering his men and passing out the checks.

In March, 1967, one of the payroll checks, in the amount of $125.00, was made out to Jesus H. Cruz. Manglona mistakenly gave this check to Jesus L. Cruz, one of his subordinate employees, but the latter returned it to Manglona after noting that the payee on the check was Jesus H. Cruz.

According to the Government's evidence, Manglona then asked Pangelinan, another subordinate employee, to find someone to sign the check. When Pangelinan demurred, Manglona told him that if he refused to cooperate, he would be fired. Later that day Pangelinan returned to Manglona with San Agustin, and said San Agustin would sign the check. Manglona then handed Pangelinan the check.

Pangelinan and San Agustin went to Ada's Market, where San Agustin endorsed the name of Jesus H. Cruz on the back of the check. San Agustin cashed the check at Ada's Market and the two returned to Manglona and San Agustin

gave him the cash.[1]  San Agustin told Manglona at that time that he did not want to get caught, but Manglona told him not to worry because the true payee of the check was in the States.  Manglona then gave San Agustin twenty-five dollars, and two days later gave Pangelinan thirty-five dollars.

Manglona first argues that the trial court erred in receiving into evidence, over his objection, a written statement signed by him, giving his version of the check transaction.  Defendant contends that the statement should not have been received into evidence because John W. Walls, the Special Agent of the Office of Naval Intelligence, who took the statement, failed to inform him that if he wanted, but could not afford, an attorney, he would be provided with one without expense.

Manglona appeared voluntarily for interrogation at the office of the Special Agent in response to a telephone request. Prior to taking Manglona's statement, the Special Agent told him that he had the right to remain silent, that anything he said could be used against him in court, and that he had a right to have a lawyer present during the interview.

█ On direct examination, the Special Agent, in narrating the *Miranda*-type warning (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694) he gave Manglona, did not say that he told Manglona that if the latter could not afford to employ counsel, a lawyer would be provided without expense if he so desired.  On being recalled to the witness stand after Manglona's counsel had called attention to this missing element of the *Miranda*-type warning, Special Agent Walls again narrated the warnings he had given Manglona, but this time included the missing element.

Counsel for Manglona objected in the trial court, and objects here, to the recalling of Special Agent Walls to supply this element of the warning.  However, this was appropriate procedure and provides no ground for reversal.

█ In any event, no *Miranda*-type warning was required under the circumstances of this case.  The interrogation occurred within the confines of a naval reservation subject to military control and after suspicion had focused on Manglona.  Therefore, Manglona's counsel argues, in effect, Manglona was, or could reasonably assume that he was, in actual or constructive custody.  This being the case, counsel argues, Manglona was entitled to the full preinterrogation warning presented in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694,

The evidence shows, however, that Manglona was not in actual custody at the time of the interview.  Nor did he testify that he thought he was in custody at that time.  Moreover, Manglona was specifically told that he was not under arrest and was free to terminate the interview at any time.  As soon as the interview was over, Manglona did leave the Special Agent's office.

Under these circumstances it cannot be said that, at the time of the questioning, defendant was in custody or otherwise deprived of his freedom of action in any significant way.  See Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694; United States v. Knight, E.D.Pa., 261 F.Supp. 843, 844.  Accordingly, the Special Agent was not required to advise defendant that, if he desired, an attorney would be provided without expense to him.

█ Manglona next contends that the jury verdict finding him guilty of uttering the check in question is inconsistent

---

1.  While the indictment describes the check as one for $125.00, Pangelinan testified that the check was in the amount of $155.-00, that San Agustin received that amount when he cashed the check, and that that amount was turned over to Manglona. The exhibits were not brought to this court as a part of the record on appeal and we are therefore unable to resolve this discrepancy.  However, no point was made of this variance in the briefs or arguments in this court and since it could not have prejudiced Manglona we take no further account of it.

with its verdict finding him not guilty of the charge of forging that check. For this reason, he argues that the trial court erred in denying his motion for acquittal on the uttering charge.

Under the evidence, which we have reviewed, the jury could have found Manglona guilty of either the forging of the payee's endorsement on the check, or the uttering of the check after such endorsement had been forged, or of both forging and uttering. Assuming that the verdicts are inconsistent, this is of no legal consequence.

Where different offenses are charged in separate counts of a single indictment, an acquittal by a jury on one or more of the counts does not invalidate a verdict of guilty on another even where the same evidence is offered in support of each count. Each count in an indictment is to be regarded as if it were a separate indictment. Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356; Langford v. United States, 9 Cir., 178 F.2d 48, 52; United States v. Vastine, 3 Cir., 363 F.2d 853, 854–855.

Finally, Manglona argues the evidence was insufficient to support the finding of guilty on the uttering charge. In our opinion, the evidence was ample to sustain the conviction.

Affirmed.