**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jason Avalon HEMMINGS,
Defendant—Appellant.**

**No. 02–50063.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2003.

Decided April 25, 2003.

Before: BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

### MEMORANDUM *

Jason Avalon Hemmings appeals a final judgment of conviction following his conditional guilty plea to armed bank robbery and brandishing a gun during a crime of violence in violation of 18 U.S.C. § 2113(a)(d) and 18 U.S.C. § 924(c). Specifically, Hemmings challenges the district court's denial of his motion to suppress his confession. The district court determined that, at the time of his confession, Hemmings was not "in custody" for the purposes of *Miranda*. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### I.

A defendant is only "in custody" for the purposes of *Miranda* where, under the totality of the circumstances, a reasonable person would conclude after brief questioning that he or she was not free to leave. *See United States v. Hayden*, 260 F.3d 1062, 1066 (9th Cir.2001). Although Hemmings was subpoenaed and appeared at the FBI offices solely for the purpose of providing fingerprints and photographs, Agent Nordstrom informed Hemmings that he had complied with the subpoena after the fingerprints and photographs were taken and that he was free to leave both before and during the interrogation. *See id.* (holding that defendant was not in

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

custody when the defendant voluntarily appeared at two interviews and the interviewing agents informed her that she was free to leave at any time); *United States v. Manglona*, 414 F.2d 642, 644 (9th Cir. 1969) (holding that defendant was not in custody where the defendant voluntarily consented to being interviewed and was told that he was not under arrest and was free to terminate the interview at any time). Indeed, Agent Nordstrom informed Hemmings that he was not under arrest and offered to take him home.

■ The fact that Hemmings was interviewed in an interrogation room with the door partially closed and was confronted with evidence of his guilt did not transform his voluntary interview with the FBI agents into a custodial interrogation – the FBI agents informed Hemmings that he was free to terminate the interview several times and they did not restrain Hemmings or prevent him from exiting the building. *See Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977) (stating that the fact that the interrogation took place in the stationhouse was not enough on its own to create a custodial environment); *Hayden*, 260 F.3d at 1066 (holding that although defendant was confronted with incriminating bank statements, there was no evidence that the interview was not voluntary or that the defendant could not find her way out of the FBI building). In sum, a reasonable person in Hemmings' position would have felt free to leave, and, therefore, we agree with the district court that Hemmings was not in custody at the time he was questioned by the FBI agents.

## II.

Hemmings next argues that even if he was not in custody, the district court still should have granted his suppression mo-tion because the agents coerced his confession. We disagree.

■ Neither the act of confronting a defendant with evidence of his guilt nor the deceptive misrepresentation of evidence constitutes coercive conduct by law enforcement officials. *See United States v. Orso*, 266 F.3d 1030, 1039 (9th Cir.2001). Although the officers did not inform Hemmings of his *Miranda* rights, we use a totality of the circumstances test to determine whether Hemmings' statements were voluntary. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226–27, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Hemmings does not point to any facts in the record which would indicate that the agents coerced him into admitting his involvement in the robbery. Therefore, we conclude that the district court properly determined that Hemmings' confession was not involuntary.

**AFFIRMED.**