**William H. KEMP, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17251.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 6, 1962.
Decided Dec. 13, 1962.

Mr. George W. Shadoan, Washington, D. C. (appointed by this court), for appellant.

Mr. William H. Willcox, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before WASHINGTON, BURGER and WRIGHT, Circuit Judges.

PER CURIAM.

■ Appellant was convicted as an aider and abettor of one Gray [1] for unauthorized use of a motor vehicle D.C.Code Ann. §§ 22–105, 22–2204 (1961). Viewing the record in the light most favorable to the prosecution, as we must after verdict, it discloses that Gray picked up appellant near midnight to go for a ride and possibly call on some friends. Gray did not own the car in question or any car, although he had the car keys in his possession. On one prior occasion appellant had gone riding with Gray in what appellant was told was a car owned by Gray's brother.

■■ Shortly after Gray picked up appellant, the car stopped and appellant helped to push it and get it started. Appellant denied any knowledge of the manner in which Gray acquired the car, its ownership or any permission of the owner. He contended he was simply a passenger. His testimony was not contradicted; obviously it was not persuasive to the jury. The government relies heavily on the evidence that there were four auto tires in the back seat of the car and that the evidence against Gray showed they were stolen property. Appellant acknowledged he had seen the tires. The issue is whether there is credible evidence that appellant had guilty knowledge of or participated in, aided or abetted criminal acts. See Allen v. United States, 103 U.S. App.D.C. 184, 257 F.2d 188 (1958). That the car lights were not turned on, that Gray made an illegal turn, that he had

---

1. Gray was found guilty of housebreaking, petit larceny and unauthorized use of a motor vehicle.

neither permission from the owner nor license from the state to drive, that he had stolen tires in the back seat, are all matters as to which guilty knowledge on appellant's part must be established, if they are to be deemed evidence against him. As we view the record, a conclusion of guilt could be reached only by impermissible speculation. Appellant's "use" of the automobile was as consistent with innocence as with guilt. To be an aider and abettor under the unauthorized use statute, a mere passenger must be shown to have guilty knowledge and this requires more than a showing he rode in the car, pushed the car, repaired a punctured tire, etc. Such acts standing alone do not identify him with guilty use or knowledge.

The verdict and judgment of the District Court are set aside and judgment of acquittal *non obstante veredicto* must be entered and the appellant discharged.

Reversed and remanded with directions.