Richard STEVENS, Appellant,

v.

UNITED STATES of America,
Appellee.

John A. MACKEY, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 17426, 17427.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 28, 1963.

Decided May 2, 1963.

Petition for Rehearing En Banc Denied
En Banc June 11, 1963.

Mr. Donald L. Morgan, Washington, D. C., with whom Mr. Robert C. Barnard, Washington, D. C. (both appointed by this court), was on the brief, for appellants.

Mr. Robert A. Levetown, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee. Mr. Barry I. Fredericks, Asst. U. S. Atty., also entered an appearance for appellee in No. 17427.

Before WILBUR K. MILLER, BURGER and WRIGHT, Circuit Judges.

BURGER, Circuit Judge.

Stevens and Mackey were indicted, tried and convicted of the crime of unauthorized use of a motor vehicle. Each was sentenced to a term of 16 months to 4 years imprisonment. Each defendant has appealed his conviction.

The government called one Gertrude Lewis and established that she was the owner of a 1962 Chevrolet four-door sedan. She testified that on the morning of Sunday, June 24, 1962, between 1 and 1:30 a. m. she parked her automobile on the street across from her home, rolled up the windows, locked the ignition and doors and entered her home to retire for the night. Shortly thereafter, between 1:30 and 2:30 a. m. she heard the engine of an automobile being started nearby. Thinking she recognized it as the sound of her car, she went to the window of her room from which she could see the driver's side of her car. She observed that the car lights were on and that someone was seated in the driver's seat. She did not see anyone in the car other than the driver; she called out the window to the driver to stop but he drove the car away.

She said she had not given permission to anyone to drive her car, did not know the defendants, Stevens and Mackey, and specifically had not authorized them to use it. Within a few hours, Stevens and Mackey were arrested in her car, with Stevens driving. Her report to the police of the car theft was made promptly but Stevens and Mackey were stopped and arrested independent of that report.

Officer McClung testified to the effect that on the morning of June 24, he and Officer Samsock were on routine patrol duty in a police car when he observed a 1962 Chevrolet which had no front license tag but a rear tag AA994. The officers stopped the Chevrolet and found Stevens driving and Mackey a passenger. Officer McClung informed Stevens that his front tag was missing and inquired if he was aware of that fact. Stevens replied he was not. Stevens was then asked to produce his driver's license and car registration card. He produced his driver's license but no automobile registration card. Upon inquiry, Stevens told the officer that he was not the owner of the car and that it belonged to one Johnny Williams. The officer testified he observed there was no key in the ignition of the car and that when he asked Stevens to produce the key, Stevens produced a ring of 25 assorted car keys, but none fit the ignition switch. Stevens and Mackey were thereupon arrested. There was testimony that a Chevrolet car can be operated without a key once its ignition has been unlocked.

McClung drove with Mackey to the police station in one of the cars. There was no conversation until they reached the station house where Mackey told the officer he had been with Stevens all day Saturday except for a period of fifteen minutes when Stevens went to borrow a car. Officer Samsock corroborated the essential elements of Officer McClung's testimony. Another witness, Katherine Warren, testified that the tags AA994, one of which the officers found on the Chevrolet in which defendants were arrested, were the tags issued to her and

that they had been taken from her car without her permission.

At this point counsel for Mackey moved for a directed verdict of acquittal. The government responded that it was not relying on an inference of possession as to Mackey but solely on the ground that he was an aider and abettor of Stevens. Mackey's motion was denied.

Stevens testified that he borrowed the car from one Johnny Williams who lived at 50 O Street, N. W. He testified that this transaction took place on a street corner in the presence of a group of people but none of them was called. He testified that Mackey was not present at the time but was in a nearby restaurant. Stevens also testified that he and Mackey were together all day Saturday, except during the time when they separated while Stevens went to borrow the car. Stevens testified that there was a key in the ignition when he was arrested. He admitted prior convictions for unauthorized use of a motor vehicle and one for simple assault. The defense produced no witnesses to corroborate Stevens' claim that he borrowed the car.

Mackey testified, as Stevens had, that he was with Stevens all day Saturday except for the fifteen minutes when Stevens left him to borrow the car. It is undisputed that Mackey did not know how to drive a car, and did not have a driver's license. Mackey said he was unaware that the car did not have necessary and proper tags, that he never met or heard of Johnny Williams, that he had known Stevens for less than a year and that he was unaware that Stevens was operating the car without the owner's permission. He was not asked if he knew of Stevens' criminal record.

Ella Lyons, the aunt of defendant Stevens, testified in rebuttal that she had lived at 50 O Street, N. W., until it was condemned, and to her knowledge no one named Johnny Williams had ever lived there.

■■ Stevens' contention that it was error to allow cross examination and ar-gument on his failure to produce the Johnny Williams who lent him the car is frivolous and needs no comment. Milton v. United States, 71 App.D.C. 394, 110 F.2d 556 (1940). His challenge to the jury charge is without merit for the charge as to Stevens' part is scrupulously fair and entirely correct. The evidence against Stevens is ample to sustain the verdict of guilty and the judgment of conviction as to him must be affirmed. In view of our disposition of Mackey's appeal, which we now consider, it is unnecessary for us to treat the contention of eror in the instruction as to his knowledge of Stevens' right to use the car.

■ The evidence against Mackey is another matter. Viewing it in the light most favorable to the government, as we must after verdict, it cannot be regarded as establishing Mackey's guilt beyond a reasonable doubt. There is evidence which suggests guilt, but taken as a whole the evidence is as consistent with his version of the events as with the prosecution's version. Both Stevens and Mackey testified that Stevens left Mackey for a quarter hour when he went to secure a car. The owner of the car saw only one man drive the car away from her home. Mackey's status as a mere passenger gains some plausibility from the fact he was neither able to drive or licensed to drive a car. No evidence in the record establishes a guilty knowledge on Mackey's part that he knew Stevens was using the car without authority of its owner and such evidence is indispensable to hold Mackey, absent actual use of the car by him. Perhaps it could be said there is a preponderance of evidence against Mackey but that is not enough to meet the standard of proof in a criminal case. Kemp v. United States, 114 U.S.App.D.C. 88, 311 F.2d 774 (1962).

The judgment as to Stevens is affirmed. The judgment as to Mackey is vacated and the case remanded to the District Court to enter judgment of acquittal.

Reversed in No. 17427. Affirmed in No. 17426.