**James R. GOODMAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19762.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 16, 1966.

Decided May 26, 1966.

---

Mr. Thomas C. Matthews, Jr., Washington, D. C., with whom Mr. John J. Collins, Washington, D. C. (both appointed by the District Court), was on the brief, for appellant.

Mr. Thomas Lumbard, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, BURGER and McGOWAN, Circuit Judges.

McGOWAN, Circuit Judge:

 This appeal brings before us a conviction for unauthorized use of a motor vehicle in violation of 22 D.C.Code § 2204. The grounds advanced by appellant as compelling reversal are, in our view, without merit [1] except in one instance. That necessitates remand for a supplementary hearing by the court into the propriety of the introduction in evidence of an admission by appellant, with the contingency of reversal to abide the result of that inquiry.

## I

The indictment charged that appellant "feloniously did take, use, operate and remove, one certain automobile * * * and did *operate and drive* said automobile for his own profit, use and purpose * * *." The car in question disappeared from a public parking garage. A policeman testified that he saw appellant driving the car in the early morning hours, and that he arrested appellant after appellant had parked the car, got out, and started to walk down the street in a patently intoxicated condition. Appellant was booked for drunkenness and driving without a permit. While still at the police station at 4:00 A.M., an hour or an hour and a half after being arrested, and when word had been received that the car was a stolen one, appellant is said to have admitted that he was a passenger in the car but denied that he had

---

[1]. It is claimed that error was committed in (1) denying a motion to suppress because of the asserted illegality of appellant's arrest; and (2) excluding evidence tendered as to an experiment which allegedly undermined police eyewitness identification. The record seems to us to support amply the lawfulness of appellant's detention; and the exclusion of the experiment, when viewed in the light of the nature of the experiment and the other testimony in the record, fell well within the discretion vested in the trial court in this regard. See Hardy v. United States, 118 U.S.App. D.C. 253, 254, 335 F.2d 288, 289 (1964), where we said: "Ordinarily a ruling on the relevancy of evidence depends upon the exercise of the sound discretion of the trial judge and will not be disturbed upon appeal except for grave abuse."

driven it. Appellant testified in his own defense at the trial that he had never been in the car at all.

When the officer testified in the presence of the jury that appellant had "admitted that he had been in the car but he was not driving the car," defense counsel immediately approached the bench, informed the court that this was the first time he knew that appellant had made an admission, objected on grounds of undue delay in presenting appellant before a magistrate, and asked for a mistrial. See Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957); Rule 5(a), FED.R.CRIM.P. The prosecutor's response was as follows:

> Mr. Wall: That is an exculpatory statement he made, that is no crime.

The court denied the motion for a mistrial, and the incident might have been without further significance except for the fact that, when the time came to instruct the jury, the prosecution requested an instruction which was given by the court in this form:

> "Now, being a passenger in a stolen car, if the defendant knew it was stolen, constitutes an unauthorized use of the vehicle."

## II

Although defense counsel cast his objection to the instruction in question in terms of a deviation from the indictment, it seems to us that he was in substance harking back to the mistrial motion and raising a matter of real moment. The prosecution appears to us never to have regarded appellant's alleged statement that he was a passenger in the car as an admission until it requested the instruction in question. The Government did not, in presenting the officer's account of his conversation with appellant, warn the court and the defense out of the presence of the jury that an admission was about to appear in the testimony. And, when it did and a *Mallory* objection was raised, the prosecutor immediately represented to the court and to the defense that there could be no *Mallory* issue because the statement was "exculpatory" in that it involved, as the prosecutor put it, "no crime." On the basis of such a representation, both court and defense counsel could consider the *Mallory* issue, and the possibility of a hearing outside the presence of the jury to explore it, as academic.

■ The statement as it stood was indeed exculpatory of what appellant was charged in the indictment with doing, namely, driving and operating the car. The nature of the statement changed drastically, however, when the prosecutor asked for and got, over objection, a charge that the jury could find appellant guilty if it believed him only to have been a passenger in the car, and not the driver, of course with knowledge in either case that it was stolen.[2] In the light of this instruction, the jury did not have to concern itself with the credibility of the eyewitness testimony, but needed only to recall the testimony to the effect that appellant himself had admitted to being a passenger. Thus, the prosecutor's earlier representation that the statement was exculpatory has a very hollow ring indeed.

---

2. We do not say that the law embodied in the instruction was erroneous in the abstract, see Stevens & Mackey v. United States, 115 U.S.App.D.C. 332, 319 F.2d 733 (1963); Kemp v. United States, 114 U.S.App.D.C. 88, 311 F.2d 774 (1962), or that the phrasing of the indictment in this case rendered it improper in this instance in terms of variance. The cited cases hold that being a passenger with guilty knowledge constituted aiding and abetting; and conviction on this score may be had under an indictment charging direct commission of the crime. See Glass v.

United States, 328 F.2d 754, 756 (7th Cir.), cert. denied, 377 U.S. 983, 84 S.Ct. 1892, 12 L.Ed.2d 751 (1964); United States v. Shaffer, 291 F.2d 689, 693 (7th Cir.), cert. denied, 368 U.S. 915, 82 S.Ct. 192, 7 L.Ed.2d 130 (1961). What we do find wrong with the charge is that it had the effect of converting into an admission against interest a statement which the prosecutor had earlier represented to be exculpatory, and of thereby affecting adversely the fairness of the trial insofar as the *Mallory* issue was involved.

We intimate no view as to the merits of the *Mallory* issue in this case, as no one ordinarily can, absent an inquiry outside the presence of the jury. Had the effort by the Government to introduce an admission taken its usual course, we have no doubt that the court would have followed the proper procedure in resolving it.

The case is remanded in order that that may now be done. If the court shall conclude that the statement was properly admitted, the conviction shall stand affirmed; if not, a new trial shall be had.

It is so ordered.

BURGER, Circuit Judge, concurs in the result.