**Roy K. JONES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21866.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 26, 1968.

Decided Oct. 17, 1968.

U. S. Atty., Frank Q. Nebeker and Scott R. Schoenfeld, Asst. U. S. Attys., were on the brief, for appellee.

Before DANAHER, WRIGHT and LEVENTHAL, Circuit Judges.

DANAHER, Circuit Judge:

 This appellant was convicted of unauthorized use of an automobile, following his arrest in the early morning hours of September 19, 1967. He has here contended that the trial judge erred in permitting the jury to find him guilty of "aiding and abetting" when he had been charged as a principal. Additionally he argues that an instruction by the judge that the jury should disregard one of two earlier convictions [1] of petit larceny had not sufficiently erased possible prejudice. After careful consideration of the arguments offered by court-appointed counsel, and in light of the record before us, we are satisfied that there was no error affecting substantial rights within the compass of FED.R.CRIM.P. 52.

The owner of a Pontiac car testified that she had parked and locked her convertible in front of her home about 7 P. M. on September 18, 1967, but by 6 A.M. on September 19th, she discovered her car was missing. She testified she had not given the appellant permission to drive her car and that she had never known him.

A Metropolitan policeman testified that patrolling alone in a scout car he had seen the Pontiac traveling south on Nichols Avenue. As he drove toward the car to ascertain why it was being operated without lights, the Pontiac sped away with the officer in pursuit. As he

Mr. Jerome Shuman, Washington, D. C., (appointed by this court) for appellant.

Mr. Clarence A. Jacobson, Asst. U. S. Atty., with whom Messrs. David G. Bress,

1. The trial judge carefully explored the use of three prior convictions to impeach the appellant. He excluded a conviction of breaking and entering but allowed questioning regarding two convictions of larceny. When it became uncertain as to whether the appellant was 17 years or 18 years of age at the time of one conviction, the judge excluded further reference to that conviction and instructed the jury to disregard that evidence and to give the apparent fact no weight whatever.

It is clear enough that the judge alertly considered the *Luck* issue. *See* Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965), and we are satisfied with the judge's disposition of the point. Gordon v. United States, 127 U.S.App.D.C. 343, 347–348, 383 F.2d 936, 940–941 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968).

sought to pull alongside, the Pontiac swerved as though to drive the police car off the road. This conduct was later repeated, so that when the officer a third time pulled alongside, he pointed his service revolver at the driver of the Pontiac which was then brought to a stop. This appellant was identified as the driver of the Pontiac. To the driver's right sat two juveniles, one a young girl.

Testifying in his own behalf, the appellant would have had the jury believe that he had not stolen the Pontiac but that he knew who had done so. He stated that when "the paddy wagon came up on one side, the car that stopped us came from the right." He added that then "we changed over." Answering his attorney, he gave as his reason for that maneuver: "Well, because the other two were juveniles. I didn't want to get the driver in trouble. I didn't want to get her in trouble."

He denied that there had been an attempt to ram the police car explaining "I stepped on the brakes," and that the closest the following vehicle had come to the Pontiac "would be to the tail light."

The record discloses that the trial judge canvassed [2] with respective counsel the language of the instructions he intended to submit to the jury. The judge pointed out in that colloquy that "mere physical presence of the defendant at the time and place of commission of such offense is not by itself sufficient to establish his guilt." [3] At the same time the judge stated additionally that the jury "must find some affirmative conduct in furtherance of common criminal design or purpose in order to find him guilty as an aider and abettor."

It had been obvious to the judge that fairly he should take account of the appellant's version of events, and that if the appellant were not to be convicted as a principal, it was still entirely possible that the jury beyond a reasonable doubt could find the appellant guilty by virtue of his "aiding and abetting" the perpetrator. He took note of the reference by counsel in argument to the "proposition of law known as aiding and abetting." Even so, it was inevitable that the judge would instruct as to the elements of the offense of "unauthorized use of a motor vehicle." During the preinstruction conference previously mentioned, the judge asked if either of the attorneys disagreed with the outline of the elements to be found in Model Instruction 111.[4] Defense counsel replied "No, I don't think so."

Thus the judge instructed the jury with respect to the elements of the offense to be established, whether the jury contemplated a finding of guilt of the accused as a principal or as one aiding and abetting the commission of the offense. The Government had contended throughout that this appellant had been the driver of the vehicle, and for all that appears on the record, the jury so found. The judge told the jury that if it should conclude that the appellant was to be found beyond a reasonable doubt to be guilty as a principal, no consideration was to be given to what he had to say on the subject of aiding and abetting.

Accordingly, we quote from pertinent portions of the instructions.

On the other hand, if you wish to consider, and you should consider, as the Court has pointed out to you, all the evidence in the case, including, of course, the defendant's testimony that he simply road [*sic*] along with the driver of the vehicle, this is an instruc-

---

**2.** He said:

> While we are at the bench, I will go over the instructions that seem appropriate. Do either of you have any special instructions you want me to consider?
> [Defense Counsel] : No.

**3.** The language. so quoted appears in Instruction 47, "Aiding and Abetting,"

in BAR ASSOCIATION OF THE DISTRICT OF COLUMBIA, CRIMINAL JURY INSTRUCTIONS (1966). The Model Instruction 47 of general application may be compared with Instruction 112 entitled "Unauthorized Use of Motor Vehicle—Passenger." See note 5, *infra*, and related text.

**4.** "Unauthorized Use of a Motor Vehicle"; *opus* cited, note 3 *supra*.

tion on the subject of aiding and abetting.

You should pay close attention to it. Consider it with all the other instructions and apply it to the testimony of the defendant to see whether or not there was aiding and abetting. The Court is not telling you that there was or was not. It is for you to act as the fact-finders in this case.

You may find the defendant guilty of the crime charged in the indictment without finding that he personally committed each of the acts constituting the essential elements of the offense.

Any person who advises, incites, or connives at an offense, or aids or abets the principal offender, is punishable as a principal. That is to say, he is as guilty of the offense as if he personally committed acts constituting the offense.

A person aids and abets another in the commission of a crime if you find beyond a reasonable doubt that he knowingly associates himself in some way with the criminal venture, with the intent to commit the crime, participates in it as something he wishes to bring about, and seeks by some action of his to make it succeed.

Some conduct by the defendant of an affirmative character in furtherance of a common criminal design or purpose is necessary. That is to say, the Government must show that.

Mere physical presence by the defendant at the time and place of the commission of such offense is not by itself sufficient to establish his guilt. But it is not necessary that any specific time or mode of committing the offense shall have been advised or commanded or that it shall have been committed in any particular way, instigated or agreed upon. Nor, is it necessary that there shall have been any direct communication between the actual perpetrator and the defendant.

Whereupon the judge in detail pointed out the language of the indictment, the specific offense charged, and the elements of the offense, stated in the disjunctive, which included that *at the time* the defendant used, operated or removed the vehicle, "he knew he did so without the consent of the owner." Moreover, he added, if the Government had failed to prove each of the essential elements of the offense "you should find the defendant not guilty of the offense with which he is charged."

In due course the judge undertook simply to recapitulate in summary fashion his previously detailed instructions and so reached "the defense in this case, namely, that the defendant was simply a passenger in the vehicle of Miss Ward." Such were the circumstances under which we find him saying:

> Mere presence by a passenger in a vehicle, if you believe that he was simply a passenger, being used or operated without the consent of the owner, does not constitute unauthorized use of the vehicle or aiding and abetting such use by the passenger.

> The evidence must prove beyond a reasonable doubt that the passenger knew at the time he road [*sic*] in the vehicle that the vehicle was being used or operated without the consent of the owner.[5]

Had not the judge earlier at substantial length correctly instructed the jury, the passage thus quoted could not have been deemed acceptable. Instruction 112 [6] by itself constitutes a formulation much broader than our holdings. In Stevens v. United States, 115 U.S.App. D.C. 332, 319 F.2d 733 (1963) and Kemp v. United States, 114 U.S.App.D.C. 88, 311 F.2d 774 (1962), we made it clear that to be an aider and abettor under the

---

5. The portion of the instruction thus quoted tracks Model Instruction 112 except for the interpolation of the words "if you believe that he was simply a passenger." Undoubtedly the judge had inserted those words to reemphasize the defense claim that the appellant had been merely a passenger in the vehicle.

6. *Supra* note 5.

unauthorized use statute, an accused must be shown to have guilty knowledge of the unauthorized use. It scarcely brooks denial that a passenger is not to be convicted of aiding and abetting if he discovers only in the course of a 60 mile per hour chase that the vehicle is being operated without the owner's permission. When the evidence so warrants, it becomes clear that a narrower instruction must be given, tailored to the facts which permissibly the jury may find.[7]

We do not read the language thus criticized in isolation, however, for it does not here appear that the jury could possibly have been misled. The instructions must be considered as a whole, and so viewed, the charge will be sustained as adequate for the guidance of the fact-finders.

We find no error affecting substantial rights.[8]

Affirmed.

J. SKELLY WRIGHT, Circuit Judge (concurring).

I concur in the court's opinion. With reference to the *Luck*[1] issue, the question as to whether the conduct involved in the unauthorized use of a motor vehicle in this case was the same as or similar to that involved in appellant's prior larceny convictions was not raised in the trial court. Thus we are not required to consider this question on appeal. Hood v. United States, 125 U.S.App.D.C. 16, 365 F.2d 949 (1966). In this connection, however, the following language from Gordon v. United States, 127 U.S. App.D.C. 343, 347, 383 F.2d 936, 940 (1967), *cert. denied,* 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968), should be noted:

> "A special and even more difficult problem arises when the prior conviction is for the same or substantially the same conduct for which the ac-

cused is on trial. Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.' As a general guide, those convictions which are for the same crime should be admitted sparingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity." (Footnote omitted.)

Stealing, as *Gordon* indicates, "reflects adversely on a man's honesty and integrity," but is not "directly relate[d] to veracity." *Ibid.*

---

7. Compare the factual background in Williams v. United States, 94 U.S.App.D.C. 219, 215 F.2d 35 (1954) and Gilbert v. United States, 94 U.S.App.D.C. 321, 215 F.2d 334 (1954) against that here supplied.

8. *Compare* Allen v. United States, 103 U.S.App.D.C. 184, 185 n. 4, 257 F.2d 188, 189 n. 4 (1958).

1. Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965).