293 A.2d 277 (1972)
In the Matter of D. M. L.
No. 6286.
District of Columbia Court of Appeals.
Submitted June 7, 1972.
Decided July 17, 1972.
Clinton W. Chapman, Washington, D. C., for appellant.
C. Francis Murphy, Corp. Counsel, Richard W. Barton and Earl S. Gershenow, Asst. Corp. Counsels, for appellee.
Before HOOD, Chief Judge, and PAIR and YEAGLEY, Associate Judges.
PAIR, Associate Judge:
Appellant, a juvenile, was charged as an aider and abettor[1] in the unauthorized use of a motor vehicle.[2] After trial he was adjudicated a delinquent and, on this appeal, challenges the sufficiency of the evidence to support the judgment. We affirm.
On August 31, 1971, police officers of Prince George's County, Maryland, observed and pursued an automobile which had been reported stolen. During their pursuit, the vehicle was driven into the District of Columbia where it collided with a parked automobile. The driver and one passenger fled on foot and were not apprehended. Appellant was found, unconscious, in the rear seat.
The ignition switch of the automobile had been removed and the wires leading to it had been pulled out and were hanging from the dashboard in an arrangement such that the vehicle could be operated without a key, i. e., "hot wired." The testimony of the investigating police officer was that the damaged condition of the automobile's ignition system was clearly visible from the rear seat of the automobile.
It is well established that, in order to convict a passenger as an aider and abettor in the unauthorized use of a motor vehicle, the government must establish that he had actual knowledge of the criminal act being committed. Stevens v. United States, 115 U.S.App.D.C. 332, 334, 319 F.2d 733, 735 (1963); Kemp v. United States, 114 U.S.App.D.C. 88, 89, 311 F.2d 774, 775 (1962); In re Davis, D.C.App., 264 A.2d 297 (1970). Relying most strongly upon Stevens v. United States, supra, appellant urges that the government's proof failed to show any such knowledge. That case, however, is distinguishable on its facts.
*278 There, the only proof tending to show guilty knowledge was appellant's status as a passenger in the automobile which was being operated without a key. Moreover, there was no showing of facts from which it could be inferred that appellant was aware that the automobile was being operated by any means which might suggest that it had been stolen. In fact, he did not even know how to drive an automobile. His conviction as an aider and abettor was therefore, reversed.
Here, the government established that the ignition system had been tampered with and that wires leading to the switch had been pulled out and were hanging in a manner that strongly suggested that the vehicle had been stolen. Furthermore, the wires were clearly visible to anyone in the rear seat of the automobile. Such evidence was, in our opinion, sufficient to warrant an inference that appellant saw the ignition wires and had actual knowledge that the vehicle was being used without the owner's consent.
Affirmed.
NOTES
[1] D.C.Code 1967, § 22-105.
[2] Id. § 22-2204.