**UNITED STATES of America,**
**Appellee,**

v.

**Douglas Watson HEAVLOW, Appellant.**

**No. 72–1241.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6) Sept. 12, 1972.

Decided Oct. 13, 1972.

Marvin R. Halbert, Philadelphia, Pa., for appellant.

Jeffrey M. Miller, Asst. U. S. Atty., Carl J. Melone, U. S. Atty., Philadelphia, Pa., for appellee.

Before BIGGS, JAMES ROSEN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES ROSEN, Circuit Judge.

On May 27, 1971, a grand jury returned an indictment against Douglas Watson Heavlow charging him in two separate counts with the theft and unlawful possession of a Browning Over and Under shot gun, knowing the same to have been stolen from an interstate shipment situated on an Eastern Airlines baggage truck at Philadelphia Airport in violation of Title 18, U.S.C. § 659. Defense counsel stipulated that the value of the gun exceeded $100.00 and that it was a shipment in interstate commerce. On October 22, 1971 Heavlow was found guilty of the possession charge (Count II), but acquitted on the theft count (Count I). Defendant's motions for a new trial, arrest of judgment, and judgment of acquittal were denied. This appeal follows.

The appellant contends that uncertainty and ambiguity in the charge tended to mislead the jury. Specifically, he alleges that language in the instructions left the jury with the impression that the same intent to convert must be found in both counts before they could find appellant guilty of either.[1] In further support of this contention, the defendant relies on a written statement

---

1. The language relied on by the appellant is the following:
   "I would say you cannot find him guilty under Count II, of possession, unless you found that he did take the gun to convert it to his own use." (N.T. 19)

from the jury to the court.[2] It is well settled that an appellate court looks at the entire charge, not isolated parts, in determining whether or not the trial judge properly performed his function. United States v. James E. Johnson, 462 F.2d 423 (3d Cir. 1972); United States v. Thomas, 451 F.2d 760 (3d Cir. 1971); Jones v. United States, 131 U.S.App.D.C. 212, 404 F.2d 212 (D.C.Cir. 1968); Winchester v. United States, 394 F.2d 489 (9th Cir. 1968). Upon examining the whole charge, we find that it clearly indicates that the jury was free to reach different verdicts on each of the two counts.[3] The court properly instructed the jury that there could be disparate verdicts on each count of the indictment. Each count in the indictment against Heavlow charges a separate crime, one for theft and one for possession, and it is enough if there is sufficient evidence to support the jury's verdict of guilty on any one of the counts. United States v. Dolasco, 184 F.2d 746, 749 (3d Cir. 1950); United States v. Fusco, 398 F.2d 32, 36 (7th Cir. 1968); Cf. United States v. Jackson, 422 F.2d 975, 978 (6th Cir. 1970). "Where different offenses are charged in separate counts of a single indictment, an acquittal on one or more of the counts does not invalidate a verdict of guilty on another even where the same evidence is offered in support of each count." United States v. Vastine, 363 F.2d 853, 854 (3d Cir. 1966); United States v. Manglona, 414 F.2d 642, 645 (9th Cir. 1969). The fact that the defendant was acquitted on the count charging him with the theft of the gun, did not operate to require his acquittal, as a matter of law, on the possession charge. Torres v. United States, 270 F.2d 252, 256 (9th Cir. 1959), cert. den. 362 U.S. 921, 80 S.Ct. 675, 4 L.Ed.2d 741 (1960). Though there may have been some inconsistency in one portion of the charge, when viewed as a whole, it was adequate for the guidance of the fact-finders.

Further, we note the applicability of F.R.Crim.P. 30 which provides in pertinent part that:

"No party may assign as error any portion of the charge or omission therefrom *unless he objects thereto before the jury retires to consider its verdict*, stating distinctly the matter to which he objects and the grounds of his objection." (emphasis added)

■■ Appellant failed to interpose a timely objection to the charge pursuant to Rule 30. Given the failure to object, this court can take notice of the assertedly erroneous instructions only if they constituted plain error. F.R.Crim.P. 52 (b). United States v. Archie, 452 F.2d 897 (3d Cir. 1971), cert. den. 405 U.S. 1071, 92 S.Ct. 1521, 31 L.Ed.2d 804 (1972); United States v. Grasso, 437 F.2d 317 (3d Cir. 1970), cert. den. 403 U.S. 920, 91 S.Ct. 2236, 29 L.Ed.2d 698 (1971); United States v. Bamberger, 456 F.2d 1119 (3d Cir. 1972); United

2. Several hours after the jury retired to deliberate, the Court received the following written statement:
   "Your Honor, this jury cannot agree on the guilt or innocence of Douglas Watson Heavlow on both counts.
   "We agree that he is not guilty on Count I but that he is guilty on Count II." (N.T. 29)

3. There are two portions of the charge that are particularly relevant:
   (a) "Now in that indictment you will find that a separate offense has been charged in Count I and another offense in Count II and each offense and the evidence pertaining to it should be considered by you separately. What,

in effect, I am saying is that you can find the defendant guilty or not guilty as to each of these two charges or counts." (N.T. 4)
and
   (b) "Now if the Government does not discharge its duty or burden [of proof] in that regard with respect to a particular crime or with respect to both counts, then it is your duty to find the defendant not guilty. On the other hand, if the Government has carried the burden with respect to a particular count or crime charged, then it will be your duty to find the defendant guilty with respect to that count or these counts." (N.T. 6)

States v. Chicarelli, 445 F.2d 1111 (3d Cir. 1971). When viewed as a whole, the charge adequately instructed the jury as to the relevant law. Any ambiguity or inconsistency in the instructions does not rise to the level of plain error or defects affecting Heavlow's substantial rights.

Appellant also argues that the court's failure to allow the jury to deliberate further as to their verdict denied the defendant due process of law. After deliberating for several hours, the jury sent a note to the court.[4] At that time, it was unclear to the court as to whether the writing was a question or whether it was a verdict. The jury was ordered to return to the courtroom and the forelady was asked whether the writing was the jury's verdict or a question. The court did not allow the members of the jury to discuss this matter. The forelady responded that it was a verdict.[5] The verdict was then taken[6] and later the jury was polled. The responses to these inquiries made it clear that the jury had unanimously agreed that the defendant was guilty on Count II.[7] Assuming there was any uncertainty concerning the verdict, the written note in conjunction with the subsequent taking of the verdict and polling of the jury clarified any apparent ambiguity. Williams v. United States, 136 U.S.App.D. C. 158, 419 F.2d 740, 746 (D.C.Cir. 1969); United States v. Grosso, 358 F. 2d 154, 160 (3d Cir. 1966), revd. on other grounds, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); Slocum v. United States, 325 F.2d 465 (8th Cir. 1963). The defendant was not denied due process.

The judgment will be affirmed.

---

4. See n. 2

5. N.T. at 31.

6. "The Court: Do you have a unanimous verdict in connection with each of the counts?
   The Foreman: Yes.
   The Court: Now will you please take that verdict?
   The Clerk: Yes sir . . . Members of the jury, have you agreed upon your verdict?
   The Foreman: Yes.
   (There were responses of, 'Yes,' by the jurors).
   The Clerk: Do you find the defendant guilty or not guilty on Count No. I?
   The Foreman: We find him not guilty.

   The Clerk: Do you find the defendant guilty or not guilty on Count No. II?
   The Foreman: Guilty.
   The Clerk: . . .
   You have found him not guilty on Count No. I and guilty on Count No. II in the manner and form in which he stands indicted, and so say you all?
   (There were responses of, 'we do,' by the jurors)."
   N.T. 32–33.

7. Each of the jurors were asked this question:
   On Count No. II, how do you find the defendant? Guilty or not guilty? The response in each instance was guilty. (N.T. 42 et seq.)