333 A.2d 671 (1975)
In the Matter of T. T. B., Appellant.
No. 7980.
District of Columbia Court of Appeals.
Argued November 19, 1974.
Decided March 19, 1975.
Linda Huber, Washington, D.C., appointed by this court, for appellant.
James N. Dulcan, Asst. Corp. Counsel, Washington, D.C., with whom C. Francis *672 Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellee.
Before KELLY, FICKLING and YEAGLEY, Associate Judges.
KELLY, Associate Judge:
Appellant was charged in a delinquency petition with the unauthorized use of a vehicle, D.C.Code 1973, § 22-2204, and the receipt of stolen property, D.C.Code 1973, § 22-2205. After a factfinding hearing, he was found to have committed the offense of unauthorized use of a vehicle and, the government having exercised an election, the count of receiving stolen property was dismissed. Appellant was ordered committed to the Social Rehabilitation Administration for an indeterminate period not to exceed two years.
It is urged on appeal that the trial judge erred (1) in denying appellant's motion for judgment of acquittal in that the government's evidence was insufficient to establish that he aided and abetted the unauthorized use of a vehicle, and (2) in admitting prejudicial hearsay testimony against him over his timely objection.
Shortly after midnight on September 22, 1973, the owner of a blue 1964 Chevrolet convertible, bearing New York license plates number 980 ENR, parked her vehicle outside her apartment building in Laurel, Maryland. She gave no one, including appellant, permission to use her automobile. Later that day, she was informed by the Metropolitan Police Department that her car was in the police impound garage in the District of Columbia.
At about 8:30 a. m. on September 22, 1973, two detectives were driving in an unmarked police cruiser on Alabama Avenue, S.E. As they stopped for a red light at the intersection of 23rd Street, they observed a blue 1964 Chevrolet convertible with New York license plates number 980 ENR slightly in front of them. Five young men were in the vehicle, including the appellant who was seated in the back seat. The officers observed that the youths were peering suspiciously over their shoulders at a police scout car which was stopped in the immediate vicinity. When the police scout car drove abreast of them, the detectives signalled to the police officer to stop the Chevrolet. The policeman turned on his red light and siren and followed the Chevrolet for about a block. The Chevrolet was observed to veer to the right, mount the curb, and then come back to the roadway where it came to a stop. Immediately, the five occupants jumped from the vehicle and began to run. The appellant was seen to jump from the passenger side and run down the street. One of the detectives pursued him on foot. After a chase which took place behind several buildings, the appellant was apprehended with the aid of a passerby. When placed under arrest, appellant attempted to pull away from the arresting detective and when placed in the police cruiser, he attempted to get out on the other side.
When the detectives returned to the Chevrolet, they found a pair of white shoes in it. Over appellant's objection a detective testified that one of the other youths in the Chevrolet had told him that the white shoes belonged to appellant's sister and that appellant had been wearing them. Also over appellant's objection, a detective testified that appellant resided in Laurel, Maryland. On cross-examination, the witness testified that he had learned that appellant resided in Laurel, Maryland, from a radio broadcast that five subjects "had absconded from Laurel". The Chevrolet convertible had no ignition key in it but was the type that could be operated without an ignition key.
At the conclusion of the government's case, appellant moved for a judgment of acquittal, which motion was denied. Appellant rested without the presentation of any evidence.

*673 I
To sustain a conviction of a passenger in a stolen vehicle of its unauthorized use, the government must show beyond a reasonable doubt that the passenger rode in the vehicle knowing that it was being used without the consent of the owner; that is, that the accused had actual knowledge of the criminal act being committed. In re D.M.L., D.C.App., 293 A.2d 277 (1972); In re Davis, D.C.App., 264 A. 2d 297 (1970); Stevens v. United States, 115 U.S.App.D.C. 332, 319 F.2d 733 (1963); Kemp v. United States, 114 U.S. App.D.C. 88, 311 F.2d 774 (1962). Here, the evidence adduced by the government clearly established that the vehicle in question was taken and driven away without the consent of the rightful owner and there is no dispute that the appellant was a passenger in the stolen vehicle at the time it was halted by the police. The sole question at issue, therefore, is whether the evidence presented and the reasonable inferences deducible therefrom were sufficient to establish beyond a reasonable doubt that the appellant had guilty knowledge that the vehicle was being operated without the permission of the owner.
To sustain its burden, the government showed that the vehicle in question bore out-of-state license plates; that it was occupied by five youths; that shortly before it was stopped, its occupants peered suspiciously at a nearby police cruiser; that it was ordered to halt by the red lights and siren of the cruiser; that it was operated erratically before it was brought to a halt; that when it finally came to rest, all of its occupants jumped from the vehicle and ran away, leaving the vehicle abandoned on the roadway; that appellant, who was a passenger in the stolen automobile, also fled from the scene; that after a chase of several blocks, he was finally apprehended; and that he made two attempts to free himself after he was captured. It was also shown that the stolen car was being operated without an ignition key, as this model Chevrolet could be.
Taken individually, none of the foregoing facts point unerringly to the appellant as possessing the requisite guilty knowledge. However, taken as a whole, together with their legitimate inferences, they permit a finding of such guilty knowledge beyond a reasonable doubt. The trial judge made such a finding and since he determined the credibility of the witnesses, weighed the evidence in its totality, and drew justifiable inferences from the proven facts, this court should not reverse a conviction supported by evidence which reasonably permits a finding of guilt. Kenhan v. United States, D.C.App., 263 A.2d 253, 254 (1970), citing Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, cert. denied, 331 U.S. 837, 67 S. Ct. 1511, 91 L.Ed. 1850 (1947).
In argument to this court appellant places particular emphasis upon the purported unreliability of an inference of consciousness of guilt drawn from evidence of flight. We recognize, of course, that some recent decisions have deprecated the probative value of such evidence,[1] but are nevertheless of the opinion that flight was a proper circumstance to consider in this case in arriving at a determination of guilt and that a justifiable inference of consciousness of guilt could be drawn from the evidence of appellant's initial flight from the stolen vehicle and his later attempts to pull away from the arresting officer and to leave the police cruiser.

II
Appellant is correct in his contention that it was error to admit hearsay testimony (1) that shoes found in the stolen automobile had been worn by him, and (2) that he resided in Laurel, Maryland. Yet *674 in neither instance was the admission of such testimony prejudicial to appellant's case.
The trial court did mention the presence in the stolen vehicle of a pair of white shoes belonging to appellant or a relative in its findings of fact, but this evidence is probative of nothing more than that appellant was a passenger in the vehicle, a fact that was established by other admissible evidence and was not contested at trial. Similarly, the testimony that appellant resided in Laurel, Maryland, was also cumulative since his place of residence was a matter of record which could be noticed by the court. Additionally, the trial court made no mention of appellant's residence as a fact upon which it relied in finding proof beyond a reasonable doubt that appellant was an aider and abettor in the unauthorized use of an automobile. Accordingly, the erroneous admission of hearsay was harmless.
Affirmed.
NOTES
[1] United States v. Robinson, 154 U.S.App. D.C. 265, 475 F.2d 376 (1973); United States v. Telfaire, 152 U.S.App.D.C. 146, 469 F.2d 552 (1972).