UNITED STATES of America

v.

**Stanope Tyrone PUGH.**

**Crim. No. 77–278.**

United States District Court,
E. D. Pennsylvania.

Sept. 15, 1977.

David W. Marston, U. S. Atty., Kenneth R. Dixon, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Lenard H. Sigal, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

A jury found the defendant, Stanope Tyrone Pugh, "not guilty" on the first four counts and "guilty" on the fifth count of a five count indictment. The first four counts charged him with violating 18 U.S.C. §§ 2113(a), 2113(b) and 2113(d) in connection with a bank robbery. Count V of the indictment charged the defendant with conspiracy in violation of 18 U.S.C. § 371 alleging that he unlawfully conspired with another to commit the bank robbery. The defendant now seeks a judgment of acquittal on Count V, contending that the jury's verdict of not guilty on Counts I, II, III and IV mandates an acquittal on the conspiracy count.

■ Defendant contends first that the overt acts listed in Count V of the indict-

ment are identical to the allegations set forth in Counts I to IV, and the jury's verdict of not guilty on the first four counts was a determination that the defendant had not committed any of the overt acts in connection with the conspiracy count. A review of the indictment reveals, however, that Counts I through IV allege that defendant by force and violence (Count I) entered the bank with intent to commit larceny (Count II), took $10,918.00 with the intent to steal (Count III) and used a handgun (Count IV), whereas Count V specifically alleges a conspiracy in violation of 18 U.S.C. § 371, and sets forth the following three overt acts: (1) that on June 1, 1977 the defendant drove an automobile to Jenkintown; (2) that he entered the bank on that date; and (3) that he left the bank on that date. Clearly, these latter enumerated acts are not identical to the allegations set forth in the first four counts.

■ However, even if the defendant's contention with respect to the contents of the indictment were accurate, the defendant would not be entitled to a judgment of acquittal. The Government is not limited in its proof at trial to those overt acts alleged in the indictment; nor is the Government under obligation to prove every overt act alleged. *United States v. Adamo*, 534 F.2d 31 (3d Cir. 1976). For a conspiracy at common law it was not necessary to allege or prove an overt act, but a conspiracy pursuant to 18 U.S.C. § 371 requires proof of some act in furtherance of the scheme. As Judge Rosenn pointed out in *Adamo, supra*, at 39:

> The section 371 requirement that an overt act be committed need not necessarily be considered an element of the offense. "[A]n overt act is necessary to complete the offense," *Fiswick v. United States, supra*, 329 U.S. [211] at 216, 67 S.Ct. [224] at 227, 91 L.Ed. [196] at 200; it may, however, be considered apart from the offense "either an indispensable mode of corroborating the existence of the conspiracy or a device for affording a *locus poenitentiae.*" *Braverman v. United States*, 317 U.S. 49, at 53, 63 S.Ct. 99, at 101, 87 L.Ed. 23, at 28.

■ The jury's determination that defendant was not guilty of Counts I through IV did not preclude the jury's having found beyond a reasonable doubt that he had committed an overt act in connection with the conspiracy count, such as driving his automobile to Jenkintown. As Judge Rosenn noted in *Adamo*, at page 39, n. 6, "[a]n overt act in furtherance of a conspiracy may itself be an innocent act."

The defendant places great reliance on *Herman v. United States*, 289 F.2d 362 (5th Cir. 1961), which reversed a conspiracy conviction for failure to prove an overt act. Judge Wisdom in his opinion points out, however, at page 369:

> But where the acquittal of the substantive offense does not necessarily constitute a determination that the overt act was not committed the acquittal does not preclude a conviction on the conspiracy count.

■ The defendant's second contention is that since the only evidence introduced at trial in support of the conspiracy count was the same as that offered in support of the substantive counts, an acquittal on the substantive counts logically requires an acquittal on the conspiracy charge. However, it is well settled that there can be disparate verdicts on each count of an indictment. *United States v. Heavlow*, 468 F.2d 842, 844 (3d Cir. 1972); *United States v. Vastine*, 363 F.2d 853, 854 (3d Cir. 1966); *United States v. Manglona*, 414 F.2d 642, 645 (9th Cir. 1969). As the Court stated in *Heavlow*, at 844, "Where different offenses are charged in separate counts of a single indictment, an acquittal on one or more of the counts does not invalidate a verdict of guilty on another even where the same evidence is offered in support of each count." This objection, likewise, is not a ground for acquittal on Count V.

■ The commission of a substantive offense and a conspiracy to commit it are separate and distinct offenses. As the Court stated in *United States v. Pappas*, 445 F.2d 1194 (3d Cir. 1971),

*Pinkerton v. United States* [328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489] makes clear that the crime of conspiracy is separate and distinct from a related substantive crime. (citations omitted).

Contrary to the defendant's assertions, the evidence required to prove the conspiracy in this case was not identical to that required to prove the substantive offenses. To support a finding of guilt as to Count V, the Government was required to prove only that one overt act was committed in furtherance of the conspiracy. It was not necessary that that act also have been one of the elements of the substantive offenses with which he was charged.

In determining whether a motion for judgment of acquittal should be granted, the evidence produced at trial must be viewed in a light most favorable to the Government and the verdict of the jury must be sustained if there is sufficient evidence to support it. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Armocida*, 515 F.2d 29, 46 (3d Cir.), *cert. denied*, 423 U.S. 858, 96 S.Ct. 111, 46 L.Ed.2d 84 (1975). Two employees of the bank testified that the bank robbers were disguised with fake beards and wigs. Although they gave a description of the clothing worn by the robbers and their approximate height and weight, there was no positive in court identification of the defendant. There was, however, testimony by a witness who said that he was in his office which is close to the bank and that on the day of the robbery he saw two men wearing similar disguises get out of a red Buick automobile and walk toward the bank. He became suspicious and wrote down the license number of the car which he gave to the police after he observed these same men a few minutes later running toward the car from the direction of the bank. This red Buick was registered to the defendant and later that day the defendant was arrested by police after a chase at speeds between 60 and 90 miles per hour. It was also testified that the defendant told the police that both he and his red Buick were at his home during the time of the robbery. There is no ques-

tion that the evidence presented to the jury in this case was sufficient to support the jury's verdict of guilty as to Count V, the conspiracy count. Accordingly, the defendant's motion for judgment of acquittal will be denied and the attached Order is entered.