# District of Columbia
# Court of Appeals

**Nos. 14-CF-1007 & 14-CF-1344**

KEVIN BYNUM and KEVIN WOMACK,

                        Appellants,

    v.

UNITED STATES,

                    Appellee.

**CF2-2199-13;**
**CF2-220-31**

FILED

MAR **31** 2016

DISTRICT OF COLUMBIA
COURT OF APPEALS

BEFORE: FISHER and THOMPSON, *Associate Judges*; and FERREN, *Senior Judge*.

**O R D E R**

On consideration of the motion, filed by appellee United States, to publish this court's February 17, 2016, memorandum opinion and judgment, regarding the above-referenced matter, and no opposition having been filed, it is

ORDERED that the motion to publish the memorandum opinion and judgment is granted, and that the decision be reissued as a published opinion forthwith.

PER CURIAM.

Copies to:

Honorable Patricia A. Broderick

Director, Criminal Division

Cory Lee Carlyle, Esq.
400 5th Street, NW – Suite 350
Washington, DC 20001

Mona Benach, Esq.
1333 H Street, NW – #900W
Washington, DC 20005

Elizabeth Trosman, Esq.
Assistant United States Attorney

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

Nos. 14-CF-1007 and 14-CF-1344

KEVIN BYNUM and KEVIN WOMACK, APPELLANTS,

FILED 2/17/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

v.

UNITED STATES, APPELLEE.

Appeals from the Superior Court
of the District of Columbia
(CF2-2199-13 and CF2-2200-13)

(Hon. Patricia A. Broderick, Trial Judge)

(Submitted January 7, 2016                    Decided February 17, 2016)[*]

*Cory L. Carlyle* was on the brief for appellant Kevin Bynum.

*Mona Luddy Benach* was on the brief for appellant Kevin Womack.

*Vincent H. Cohen Jr.*, Acting United States Attorney at the time the brief was filed, and *Elizabeth Trosman*, *Chrisellen R. Kolb*, *Danny Lam Nguyen*, and *James A. Ewing*, Assistant United States Attorneys, were on the brief for appellee.

Before FISHER and THOMPSON, *Associate Judges*, and FERREN, *Senior Judge*.

---

[*] The decision in these appeals was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published upon the court's grant of appellee's motion to publish.

FISHER, *Associate Judge*:  After a joint jury trial, appellants Kevin Bynum and Kevin Womack were convicted of receiving stolen property ("RSP")[1] and unauthorized use of a vehicle ("UUV"),[2] among other offenses not challenged here.  On appeal, appellant Bynum disputes the sufficiency of the evidence supporting his UUV and RSP convictions, and both appellants contest the admission of District of Columbia Department of Motor Vehicles ("DMV") records.  We affirm.

## I.    Background

On February 9, 2013, Officer Jeffrey Jones tried to stop a silver Chrysler Concorde after hearing a radio run describing a stolen vehicle fleeing police and then seeing it driving the wrong way down Florida Avenue at twice the speed limit.  The driver of the Concorde fled from Officer Jones at a high speed, running two red lights.  Shortly thereafter, Jones arrived at the scene of a collision involving the Concorde and a red Toyota Solara.  Officer Jones saw appellant Womack exit the Concorde through the driver's window and appellant Bynum exit through the

[1]  D.C. Code § 22-3232 (a), (c)(2) (2012 Repl.) (misdemeanor).

[2]  D.C. Code § 22-3215 (2012 Repl.).

passenger door. Both appellants ran away but were apprehended after short pursuits.

The ignition in the silver Concorde had been "punched," meaning that

> a blunt object has been taken to the ignition column to break the ignition, to remove it so that you can stick an item—for example, a flathead screwdriver—into the ignition and use that to start the car, instead of the ignition itself because, for the ignition, you need a key.

There were "multiple" air fresheners hanging in the area of the "punched" ignition. In the government's photographs, however, the air fresheners do not hide or obscure the ignition. There was also a brick or stone in the Concorde's glove compartment, which could have been the tool used to break the ignition column.

The owner of the silver Concorde did not testify. To prove that the vehicle was stolen and that appellants' use of it was unauthorized, the government sought to introduce DMV records, which stated that the car was registered and titled in the name of Mr. Charles Singletary. The court admitted the records over appellants' objections. Neither appellant testified in his own defense.

## II. DMV Records

Appellants argue that the DMV records were inadmissible hearsay without testimony from the clerk who created them. Appellants also argue that admitting the records violated their rights under the Confrontation Clause because the records are testimonial and were created specifically for litigation.

This court reviews the admission or exclusion of evidence for abuse of discretion. *See Dutch v. United States*, 997 A.2d 685, 689 (D.C. 2010). However, we review de novo questions of statutory interpretation or whether evidence violates the Confrontation Clause.[3] *Eaglin v. District of Columbia*, 123 A.3d 953, 955 (D.C. 2015) (statutory interpretation); *Carrington v. District of Columbia*, 77 A.3d 999, 1003 (D.C. 2013) (Confrontation Clause).

The D.C. Code gives the Director of the DMV authority to "create and transfer titles electronically," and states that "[a] duly certified copy of the Director's electronic record of a title or lien shall be admissible in any civil, criminal, or administrative proceeding as evidence of ownership." D.C. Code § 50-1218 (a), (b) (2012 Repl.). The Code further dictates that "[a] certified copy

---

[3] U.S. Const. amend. VI.

of any record of the Department of Motor Vehicles shall be deemed authentic without further testimony as evidence in any judicial proceeding or administrative hearing."  D.C. Code § 50-1301.05a (a) (2012 Repl.).  The legislative history confirms that the statutes were intended to "ease the admissibility of DMV records in court" and would specifically "allow a certified copy of a record to be admitted without the testimony of a DMV employee."  D.C. Council, Report on Bill 16-821 at 8 (Nov. 8, 2006).[4]

Both of the DMV records bore the following certification:

> This is an official document of the District of Columbia Department of Motor Vehicles, maintained under a duty imposed by law.  I certify that the information contained herein is a true and accurate record.  I further certify that the information contained herein is within my custody

---

[4] This statutory rule of evidence permitting admission of DMV records is akin to the hearsay exception for public records:

> [T]he record first must be authenticated as an official record of the governmental body in question.  Next, the party proffering the record must prove that the facts stated in the document are within the personal knowledge and observation of the recording official and that the document is prepared pursuant to a duty imposed by law or implied by the nature of the office.

*Goldsberry v. United States*, 598 A.2d 376, 378 (D.C. 1991) (internal citations and quotation marks omitted).

and control and that I have personal knowledge of the information contained within this document.

"This court, along with other courts, has not treated data created and stored electronically any differently from other data" when applying evidentiary rules. *Cf. Dutch*, 997 A.2d at 689 (applying business records hearsay exception). Thus, the DMV records are plainly admissible under the statutes and need not separately satisfy any hearsay exception.

"[T]he Confrontation Clause of the Sixth Amendment bars the admission of testimonial hearsay against a criminal defendant at trial, unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine him." *Jenkins v. United States*, 75 A.3d 174, 180 (D.C. 2013). The Supreme Court has explicitly instructed that records "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial . . . are not testimonial." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009).

In this case, DMV registration and title records are the product of "routine, objective[] cataloging" of "unambiguous factual matter." *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1075 (9th Cir. 2005). It is one of the express "[c]ustomer service functions" of the DMV to "[t]itle and register" vehicles in the

District. D.C. Code § 50-904 (2)(A) (2012 Repl.). As stated previously, the statute permits the Director to create and maintain those records electronically, and the electronic records are fully admissible in court proceedings. D.C. Code § 50-1218 (a), (b); D.C. Code § 50-1301.05a (a). Merely printing and certifying a copy of an electronic record does not impact its admissibility—the record is created when the information is entered into the DMV's electronic database, not when a DMV employee clicks on the "print" button and signs the certifying statement on the copy. *Cf. Tabaka v. District of Columbia*, 976 A.2d 173, 175-76 (D.C. 2009) (holding that a certificate of no-record is testimonial because the DMV employee "create[d]" the document "for the sole purpose of providing evidence against a defendant").

Thus, the DMV records were admissible in this case to prove that Mr. Singletary owned the Concorde, not appellant Bynum or appellant Womack. "Because the primary purpose of [title and registration records] is to meet administrative needs rather than to document facts for future prosecution, the documents are not 'testimonial' and their admission under the circumstances does not implicate the Confrontation Clause." *Jackson v. United States*, 924 A.2d 1016, 1021 (D.C. 2007).

### III. Appellant Bynum's Sufficiency Challenges

In reviewing a sufficiency challenge to a jury verdict, this court views "the evidence in the light most favorable to the government, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, and making no distinction between direct and circumstantial evidence." *Terry v. United States*, 114 A.3d 608, 616 (D.C. 2015) (internal quotation marks omitted). "The evidence need not compel a finding of guilt beyond a reasonable doubt, and it need not negate every possible inference of innocence." *Napper v. United States*, 22 A.3d 758, 770 (D.C. 2011) (internal quotation marks omitted). "To prevail on an insufficiency claim, an appellant must establish that the government presented no evidence upon which a reasonable mind could find guilt beyond a reasonable doubt." *Cooper v. United States*, 28 A.3d 1132, 1135 (D.C. 2011) (internal quotation marks omitted).

To establish UUV, the government must prove that: (1) appellant took a motor vehicle, or used, operated, or removed a motor vehicle from any place; (2) operated it, drove it, or caused it to be operated or driven for his own profit, use

or purpose; (3) without the consent of the owner; and (4) at the time appellant took, used, operated, or removed the vehicle, he knew that he did so without the consent of the owner. *See Mitchell v. United States*, 985 A.2d 1125, 1136 (D.C. 2009). For a passenger, such as Bynum, we have explained that the government must prove "the passenger was present in the vehicle with knowledge that the vehicle was being operated without the owner's consent." *In re D.P.*, 996 A.2d 1286, 1288 (D.C. 2010) (internal quotation marks omitted).

To establish misdemeanor RSP, the government must prove that appellant: bought, received, possessed, or obtained control of stolen property; knew or had reason to believe that the property was stolen; with the intent to deprive another of the right to the property or benefit of the property; and the property had some value. *See Lihlakha v. United States*, 89 A.3d 479, 483 & n.4 (D.C. 2014).

On appeal, appellant Bynum challenges only the sufficiency of the evidence to prove he knew that the Concorde was stolen and being operated without its owner's consent. The government's evidence showed that the driver of the car in which appellant Bynum was a passenger engaged in two dangerous, high-speed flights from police officers; the "punched" ignition was visible from the front passenger seat and not obstructed by the air fresheners hanging in the vicinity; and

appellant Bynum immediately fled from the scene after the Concorde collided with the Solara.

We have held that where the ignition of the car has been plainly tampered with so that it may be driven without a key, and that damage is "clearly visible" from the passenger's position, the evidence is "sufficient to warrant an inference that appellant saw" the ignition damage "and had actual knowledge that the vehicle was being used without the owner's consent." *In re D.M.L.*, 293 A.2d 277, 278 (D.C. 1972). Here, the government introduced photographs taken from Bynum's vantage point in the passenger seat that clearly show the ignition is missing and the area is damaged. *Cf. In re D.P.*, 996 A.2d at 1287-89 (holding evidence insufficient to support UUV-passenger conviction for backseat passenger where photographic evidence showed only that front seat passenger would have seen the damaged ignition).

In the UUV context, flight from the vehicle and the police after a crash may provide evidence of guilt. *See In re R.K.S.*, 905 A.2d 201, 218 (D.C. 2006). Of course, "a passenger is not to be convicted of aiding and abetting if he discovers only in the course of a 60 mile per hour chase that the vehicle is being operated without the owner's permission." *Jones v. United States*, 404 F.2d 212, 216 (D.C.

Cir. 1968). But there was no evidence that appellant Bynum was innocently present in the stolen vehicle, and his flight from the scene after the collision amply supports an inference of his guilty knowledge. It does not matter that he may have had multiple reasons for fleeing, including the fact that he possessed marijuana (which was then illegal), for the government need not "negate every possible inference of innocence." *Rollerson v. United States*, 127 A.3d 1220, 1232 (D.C. 2015) (internal quotation marks omitted).

Although each fact viewed individually may not "point unerringly to the appellant as possessing the requisite guilty knowledge," when "taken as a whole, together with their legitimate inferences, they permit a finding of such guilty knowledge beyond a reasonable doubt." *In re T.T.B.*, 333 A.2d 671, 673 (D.C. 1975). Taken together, appellant Bynum's flight, the clearly visible damage to the ignition, and the fact that the car was driven without a key provide more than sufficient evidence for a reasonable jury to convict him of both UUV and RSP.

## IV. Conclusion

For the foregoing reasons, appellants' convictions are affirmed.